CHARLES L. CHESEBRO *vs.* CHARLES H. BABCOCK.

New London Co., May T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

In a case pending before a justice of the peace it was agreed between the parties that the plaintiff should take judgment for the amount of his claim and that the defendant should appeal the case. The justice accordingly entered up judgment for the plaintiff and an appeal by the

defendant, and instead of formally adjourning kept his court open for the defendant to procure a bondsman on the appeal, and when, more than a month later, the defendant procured one, he entered upon his record the taking of the appeal and the giving of the bond as on the day when the judgment was rendered. The plaintiff in the case brought an application for a mandamus to compel the justice to make up his record so as to show an adjournment *sine die* on that day, and in his application alleged that the court did in fact adjourn *sine die* on that day, relying upon the facts as constituting in law such an adjournment. Held that, if the law would upon the facts treat the case as adjourned at that time *sine die*, yet that the averment that the justice did so adjourn was not sustained by the fact that the law would regard the case as so adjourned. The plaintiff should have averred the actual facts and left the court to draw its inference from them.

The statement of a conclusion of law is not a statement of a fact. Matter of law is never matter to be alleged in pleading.

The issuing of a mandamus rests in the sound discretion of the court, and the exercise of that discretion is not the subject of revision on appeal.

It ought never to be granted in cases where there is not a clear legal right or where it will work inequity to the party against whom it is sought.

[Argued May 27th—decided July 10th, 1890.]

APPLICATION for a mandamus; brought to the Court of Common Pleas of New London County, and heard before *Crump, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is fully stated in the opinion.

*H. A. Hull*, for the appellant.

*S. Lucas*, for the appellee.

ANDREWS, C. J. This was an application to the Court of Common Pleas in New London County for a mandamus, claiming that the defendant, who was a justice of the peace in that county, should be required to change the record of a certain case decided by him as such justice of the peace. The record which it is alleged should be changed is as follows:—

"George L. Chesebro of Stonington, Ct., *vs.* J. Clark Crandall of Westerly, R. I. New London County, December 10th, 1888. Before Charles H. Babcock, Esq., Justice of

the Peace.   This action by complaint claiming an account
and $100 damages, which writ was returnable the 25th day
of August, A. D. 1888, came before me, said justice of the
peace, holding court on the day last mentioned at the place
aforesaid, and thence by legal continuance to the 10th.
day of December, A. D. 1888, when and where the parties
appeared; and the defendant demurs to the complaint be-
cause it sets forth in but one count two separate and distinct
causes of action, namely, one for breach of contract and.
one for trespass.   Pending the decision of the court on the
demurrer, the defendant submitted to the judgment of the
said court and appeals to the Court of Common Pleas.
Whereupon it is adjudged by this court that the plaintiff
recover of the defendant $100 damages and his costs, taxed
at fourteen dollars and ninety-one cents.   The defendant
appeals from this judgment to the Court of Common Pleas
to be holden at New London in said county on the first
Tuesday of February, A. D. 1889.   And the defendant as
principal, and James A. Peabody of Stonington as surety,
are recognized to the adverse party in the sum of $50 to
prosecute his appeal to effect."

The averment in the application is that "said judgment
for said plaintiff was rendered and said justice court was
adjourned *sine die* on the 10th day of December, 1888, and
said pretended appeal and said pretended appeal bond were
taken by said Crandall on the 29th day of January, 1889."
The prayer of the application is "that the said Charles H.
Babcock be required to make his record of said case accord-
ing to the fact, showing that said judgment was rendered
and said justice court adjourned *sine die* before the taking
of said pretended appeal and said pretended appeal bond,
or signify cause to the contrary, etc."

The facts of the case as found by the Court of Common
Pleas are these:—The defendant was a justice of the peace
for New London County residing in the town of Stonington.
The plaintiff brought his certain complaint against one
J. Clark Crandall before the defendant as said justice of
the peace, demanding one hundred dollars damages, and

returnable on the 25th day of August, 1888, at nine o'clock in the forenoon. The case so brought was regularly continued from the 25th day of August to the 11th day of September, and thereafter from time to time to the 10th day of December, 1888, when judgment was rendered for the plaintiff to recover one hundred dollars damages and his costs. Prior to the 10th day of December an agreement had been entered into between the counsel for the plaintiff and the counsel for Crandall to the effect that Crandall should by his counsel file a demurrer to the complaint, that judgment should be rendered thereon against him, and that he should then appeal to the next term of the Court of Common Pleas in the county. This agreement had been communicated to the defendant. By reason of such agreement no one appeared either for the plaintiff or for Crandall before the defendant on said 10th day of December, and thereupon the defendant rendered judgment for the plaintiff, as is above stated, and allowed an appeal. The counsel for Crandall had said to the defendant that as he should not be present on that day he should want time to obtain a bondsman. The defendant did not adjourn his court on said 10th day of December, but intentionally held it open, as he believed he had a right to do, for the purpose of enabling Crandall to furnish the bond, which he did on the 29th day of January, 1889. A short time prior to the 29th day of January the attorney for the plaintiff, by reason of a misunderstanding arising between himself and the attorney for Crandall in regard to a matter in no way connected with the case, ascertaining that no bond had been given by Crandall and that the defendant had not adjourned his court to any particular day, demanded of the defendant that he should so make up his record in the cause that it would appear that he did in fact adjourn his court *sine die* on the 10th day of December, 1888, but the defendant refused to do so. The defendant made his record in the case as it is hereinabove recited, and the same was forwarded to the Court of Common Pleas, where the case was duly entered and is still pending. In that court the plaintiff moved to dismiss the appeal and the

present application is brought in aid of that motion. The Court of Common Pleas upon the facts refused the mandamus and rendered judgment against the plaintiff. The plaintiff now brings the case here.

We think there is no error in the judgment of the Court of Common Pleas. The allegation in the complaint that the justice court was adjourned *sine die* on the 10th day of December, 1888, is not supported by the facts. It is not true that the justice court was adjourned *sine die* on that day. On the contrary, it was not adjourned at all on that day, but was intentionally kept open. It is argued on the part of the plaintiff that such a keeping open of a justice court without an adjournment to a day certain is in legal effect an adjournment *sine die*. If this be granted it does not aid the plaintiff. He has alleged it as a fact that the justice court was adjourned *sine die* on the day named. As *a fact* it is not true. The statement of a conclusion of law is not the statement of a fact; it is not pleading. Bliss on Pleading, § 210. "Matter of law is never matter to be alleged in pleading. No issue can be framed upon an allegation as to the law. Facts only are pleadable, and upon them without allegation the court pronounces and applies the law." *The People ex rel. Purdy* v. *Commissioners of Highways*, 54 N. York, 276. If the plaintiff had desired to avail himself of a conclusion of law he could have done so readily by alleging the precise facts from which the conclusion followed. A party can have the benefit of such conclusions of law only as follow from the facts he has alleged. Besides, the defendant had the right to have the precise facts appear on the record, that he might deny them, and that the question whether they raised the conclusion might be reviewed. For these reasons the application was properly denied.

But there is another reason. The granting or refusing a mandamus is a matter resting in the sound discretion of the court and the exercise of that discretion is not the subject of revision on appeal. If we had the right to review the action of the court in the present case we should be of opinion that its discretion was properly exercised in denying

the plaintiff's application.   The writ of mandamus ought never to be granted unless in cases where there is a clear legal right on the part of the applicant and when it will work no inequity to the party against whom it is sought. Moses on Mandamus, 18 ; *Belcher* v. *Treat*, 61 Maine, 577 ; *Taylor* v. *McPheters*, 111 Mass., 351 ; *Life & Fire Ins. Co.* v. *Wilson's Heirs*, 8 Peters, 303 ; *Reeside* v. *Walker*, 11 Howard, 289.   The agreement between counsel for the plaintiff and for Mr. Crandall was in terms that Mr. Crandall should have the right to appeal to the next Court of Common Pleas, and as that agreement contemplated that neither party was to be present at the justice court on the 10th day of December, it was necessarily implied in it that Mr. Crandall should have a reasonable time in which to provide the bondsman on his appeal.   There is no suggestion that the time from December 10th to January 29th was not reasonable and necessary for that purpose.   And as the appeal was taken and allowed to the next term of the Common Pleas, just as it had been agreed that it should be, the plaintiff has not been harmed ; while to deny to Mr. Crandall the privilege of appeal would do him a serious wrong.   It would leave him with a judgment in force against him when he had had no opportunity to make defense to it. The plaintiff has received the full benefit of his agreement by obtaining a judgment in his favor for the whole amount of his claim with costs, without the expense or trouble of a trial before the justice court ; and now by this application he is seeking to deprive Mr. Crandall of all the advantage which he was to get from the same agreement.   This would be clearly inequitable.   A "misunderstanding" between counsel can never be a good excuse for asking the court to perpetrate an injustice.   Much less can it be a reason why the court should actually do it.

There is no error.

In this opinion the other judges concurred.