# Excise Commission of Citronelle *v.* State, *ex rel.* Skinner.

## *Mandamus.*

(Decided December 21, 1912. 60 South. 812.)

1. *Courts; Records; Inspection; Excise Commission.*—The records of the excise commission are not judicial records kept by a court, within the rule of common law, that judicial court records are open to inspection by any citizen as a matter of right.

2. *Intoxicating Liquors; Licenses; Applications; Nature of Proceedings.*—In passing on an application for a liquor license author-

[Excise Commission of Citronelle v. State, ex rel. Skinner.]

ized by Acts, 1911, pp. 249 and 288, the excise commission acts judicially, whether objections are filed to the application or not; and, when a contest is instituted by a qualified elector by filing written objections to the granting of the license, the proceedings become in effect, a suit inter parte.

3. *Records; Non Judicial; Right to Examine.*—Where a non-judicial record or document may furnish evidence or information relative to an action or proceeding, which an applicant for inspection thereof, is qualified to bring, or which he may be called on to defend, whether actually pending or not, he is entitled to inspect the same and to be given a reasonable opportunity for that purpose by the custodian.

4. *Same.*—The public generally has no absolute right of access to, or inspection of, non-judicial records, in the absence of a statute to the contrary; hence one who demands the right to inspect such records may be required to show that he has an interest in the document, and that the inspection is for a legitimate purpose, and on this showing being made the custodian should grant ready access at a proper time and place.

5. *Same; Recommendation for Liquor License; Right to Inspect and Make Copy.*—Under sections 9 and 14, Acts 1911, pp. 255,259, every qualified resident elector of the city in which a person has applied for a liquor license, is entitled as a matter of law to inspect, and, if he desires, to make a copy of the recommendation filed for such a license for use in opposing the same.

6. *Same.*—Under section 9, Acts 1911, p. 255, personal embarrass-ment that might result from a disclosure of the name of the person signing the recommendation for the sale of whiskey is a matter of private interest, and is no ground for refusing to disclose and permit an inspection of a recommendation by a prospective objector.

7. *Same.*—The sufficiency of the recommendation for license to sell liquor is a proper subject of inquiry on the recurrence of each new license period, and the fact that a license applied for had already been granted was no ground for refusing a qualified elector the right to inspect a recommendation in order to establish objections to its sufficiency on the recurrence of a new license period.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Petition for mandamus by the State on the relation of Milton C. Skinner against the Excise Commission of Citronelle to be permitted to inspect certain records. From a decree granting the writ respondents appeal. Affirmed.

INGE & ARMBRECHT, for appellant. The court erred in over-ruling demurrers to the petition. Smith &

Parks Bills. No sufficient interest was shown by petitioner to support his claim of right to inspect the recommendation of Allen for a liquor license. 24 A. & E. Ency. of Law, 182, *Brewer v. Watson,* 71 Ala. 299, and authorities there cited; *Randolph v. State,* 82 Ala. 528. The court erred in striking the answer of respondent. On these authorities appellant insists that the court was in error in its rulings on the evidence.

R. PERCY ROACH, for appellee. Inspection of judicial records is the right of every citizen. This is also true of public documents.—1 Greenleaf, sec. 471; *Brewer v. Watson,* 71 Ala. 299; *Dunbar v. Frazier,* 78 Ala. 541; *Ramagnano v. Cook,* 85 Ala. 229; Sections 9, 10, 14, and 20, Acts 1911, p. 256. Under the authority of *Dunbar v. Fraizer, supra,* the proceedings is inter parte and the parties have a right to the record.—32 Amer. Rep. 219; *Jackson v. Mobley,* 157 Ala. 420; Section 7432, Code 1907. It follows therefore that the court properly granted the writ.

SOMERVILLE, J.—The petition is filed by Milton C. Skinner against John Simmons, J. A. Johnson, and Ross Chambers, as members of the Excise Commission of Citronelle, and Carl Pick, as clerk, and prays for an order commanding these respondents to produce, for the relator's inspection, and to allow him to make a copy of, a certain document shown to be in their official custody.

The petition shows that the relator is, and has been since the appointment of said Excise Commission, a qualified elector, taxpayer, and resident citizen of the town of Citronelle, in Mobile county; that said Commission has granted a license to one Frank Allen to sell alcoholic liquors in said town, which license has been

issued to said Allen by the probate judge of Mobile
county, and that he is now engaged in the sale of such
liquors in said town; that said Allen's recommendation
for license, which the law requires shall be signed "by
20 householders and freeholders who are qualified elec-
tors of the city or town," is believed not to be signed
by 20 persons thus qualified; that relator has repeatedly
demanded of respondents an inspection of the said
recommendation, and that permission to do so has been
and still is refused by them; and that relator wishes to
exercise his right to object to said license, which he
cannot do without an opportunity to first inspect said
document.   Stripped of all superfluities, the meritorious
question presented on the petition, demurrers, motions,
and evidence is simply whether or not the relator shows
a legal right to examine and make a copy of the docu-
ment in question.

"An inspection of the records of judicial proceedings,
kept in the courts of the country, is held to be the right
of any citizen.—1 Greenl. on Ev. (8th Ed.) § 471."
*Brewer v. Watson,* 61 Ala. 310; 23 A. & E. Ency. Law.
167.   Although some of the functions of the Excise
Commission are quasi judicial, and in some cases their
exercise may be purely judicial, yet we do not think its
records are judicial records, kept by a court in the sense
of the common-law rule above quoted.

With respect to records other than judicial, no stat-
ute to the contrary intervening, the public generally
have no absolute right of access or inspection.   And
one who demands that right can be properly required
to show that he has an interest in the document which
is sought, and that the inspection is for a legitimate
purpose.   But, for the public and for individuals show-
ing such a right, the custodian of official documents is
a trustee; and, while he may and should preserve them

[Excise Commission of Citronelle v. State, ex rel. Skinner.]

against impertinent intrusion, he should allow ready access to those who have an interest in them, and who claim access for the purpose of promoting or protecting it.—*Brewer v. Watson,* 61 Ala. 310.

It is not necessary to now define for all cases the nature of the interest which will entitle the applicant to the access and inspection sought. It is, however, perfectly clear to our minds that, if the document may furnish evidence or information relative to any action or proceeding which he is qualified to bring, or which he may be called upon to defend, whether actually pending or not, he is entitled to such inspection.— *Ferry v. Williams,* 41 N. J. Law, 332, 32 Am. Rep. 219; *Re Caswell,* 18 R. I. 835, 29 Atl. 259, 27 L. R. A. 82, 84, 49 Am. St. Rep. 814; *Brewer v. Watson,* 61 Ala. 311. And "it is not necessary that the interest be private, capable of sustaining a suit or defense on the personal behalf of the party desiring the inspection; but he has the right of inspection whenever, by reason of his relation to the common interest, he may act in such a suit as the representative of a common or public right. * * * * Where an action is pending, the court will, at any stage of the cause, award a rule for the production of the documents; but, where there is no action, mandamus will be granted to compel the production." —23 A. & E. Ency. Law, 168; *Ferry v. Williams, supra.*

The following provisions of the Smith Regulation Bill (Gen. Acts 1911, pp. 249-288) are pertinent to our inquiry:

"Sec. 9. * * * No license shall be granted in any case unless the applicant shall have first produced to said commission a recommendation in writing signed by twenty householders and freeholders who are qualified electors of the city or town in which the applicant proposes to engage in such sale or manufacture, stating

[Excise Commission of Citronelle v. State, ex rel. Skinner.]

if an individual or partnership (1) that they are acquainted with such applicant; (2) that he is of good moral character; (3) that he has been a bona fide resident citizen of Alabama for six months preceding the filing of such application; (4) that he is in all respects a proper person to be licensed."

"Sec. 14. That no application for a license shall be considered by the Commission unless the applicant, at the time of making his application, shall deposit with the Commission the sum of ten dollars which sum shall be retained by the Commission as a contingent fund to be used for the incidental expenses of the Commission, and unless at the time of the application, or within three days thereafter a notice of such application shall have been printed in a newspaper of general circulation in the city within which the licensee expected to do business, for two successive weeks before said application is heard, which notice shall contain the full name of the applicant and the place wherein he expects to conduct business, giving the street and number whenever possible. Any qualified elector residing in such city or town may file written objection to the granting of said license, which objection may be made against the applicant or the place of business, and it shall be the duty of the Excise Commission to hear such objection and consider the same before a license is granted, and such license shall be granted or refused according to the discretion of the Commission."

In passing upon an application for license, whether objected to or not, the Commission acts judicially; and, when a contest is instituted by a qualified elector by filing a written objection to the granting of the license, it becomes in effect a suit inter partes.—*Dunbar v. Frazer,* 78 Ala. 541; *Ramagnano v. Crook,* 85 Ala. 227, 3 South. 845.

Unquestionably, we think, every qualified elector, who is a resident of Citronelle, is a potential contestant and litigant before the Excise Commission; and, under the statutes and decisions above quoted, he has such right as entitles him, as a matter of law, to inspect and, if he desires, to make a copy of the recommendation, for use in that connection or in that behalf. When, having the requisite interest in the document, he makes his application for inspection at a proper time and place, claiming the right in that behalf, the custodian of the document cannot assume that his purpose is otherwise, and cannot, on such an assumption, deny the inspection sought. Otherwise, it is evident the inspection could be had in no case, except upon the whim or at the discretion of a suspicious or unreasonable custodian. It is, of course, true, as argued by counsel, that this right of inspection may be and sometimes is qualified by considerations of public policy; and, where the disclosure would be detrimental to the public interest, inspection may be lawfully denied to the applicant.—*Brewer v. Watson,* 61 Ala. 310.

In the present case, however, whatever personal embarrassments might result from the disclosure of the names of those who have signed this recommendation must be regarded as matters of private interest; and, although they might become, in some sense, matters of public concern, even so, they are wholly subordinate to that paramount public interest—the maintenance and enforcement of public law. Our conclusions are supported by high authority.

In a case substantially identical with this, the Supreme Court of New Jersey said: "The present controversy relates to a matter of public policy of universally recognized importance, concerning a traffic which, in the opinion of many, largely adds to the disorders of

·society and the burdens of taxation; and it cannot be alleged that private interests are not as much involved in its due regulation by law as they are in public questions about which heretofore individuals have maintained a standing in this court.   Hence I think the relator, in his capacity of inhabitant and taxpayer in the city of Orange, has such an interest, in the proper observance of the provisions of the city charter for licensing saloons, that he may, under certain circumstances, litigate for its protection; and in order to ascertain whether those circumstances exist, being actuated by such motives as are disclosed in the present application, he is entitled to an inspection of the letters of recommendation, filed with the collector of taxes, upon which pending licenses were granted.   Let the mandamus prayed for be awarded."—*Ferry v. Williams,* 41 N. J. Law, 332, 32 Am. Rep. 219.

It is contended by the respondents that the writ ought not now to be awarded, because the license has already been granted to Allen, and no objection was filed by the relator within the time contemplated by the statute. It is a sufficient answer to this to say that section 7 of the regulation act provides that: "Upon the expiration of each license the Excise Commission shall, unless the licensee has forfeited his right under the provisions of this act, issue a certificate to the probate judge to renew said license without the necessity of any formal application on the part of the licensee therefor, upon the required bond being made and paying the necessary license tax and fees therefor."   The effect of this provision manifestly is to keep alive the issue made by the tender of the original recommendation, and to render its sufficiency a proper subject of inquiry and ground of objection upon the occurrence of each new license period.   It is therefore as relevant to the purposes of

this proceeding as it ever was, and the relator's right. to inspect it has not become stale by lapse of time. The material averments of the petition were amply supported by the evidence, and the trial court could not have done otherwise than grant the prayer of the petition, and order the peremptory writ of mandamus.

There are numerous assignments of error based upon the action of the trial court in sustaining relator's motions to strike out certain parts of respondents' answer, in excluding certain testimony offered by them, and in admitting certain testimony offered by relator against respondents' objection. The pleading stricken, and the testimony excluded and objected to, concerned matters that were not at all relevant to the inquiry before the court, and could not possibly have affected the result. These assignments are therefore without merit.

The judgment of the lower court will be affirmed.
Affirmed.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.