# Allen, et al. v. State, ex rel. Rowe, et al.

*Bill for Seizure, and the Sale of Intoxicating Liquors.*

(Decided April 17, 1913.　61 South. 912.)

1. *Intoxicating Liquors; Regulation; Drunkenness.*—The Fuller and Carmichael Bills, Acts 1909, p. 8 and p. 63, are in force in those counties in which the manufacture and sale of liquor has not been made lawful under the provisions of the Smith and Parks Bills, Acts 1911, p. 30, and 250, but the Excise Commission of a town without a policeman or marshal was without right to issue a retail liquor license, and the courts not having the power to require the employment of police officers, the sale of liquor in such town was unauthorized, notwithstanding the Excise Commission of the town authorized the issuance of the liquor license and such license was issued; hence, the injunctive process authorized by the Fuller and Carmichael Acts was appropriate to abate sales under such license.

2. *Same; Power to Issue License; Collateral Attack.*—The wholly void act of the Excise Commission of a town in authorizing the issuance of a retail liquor license may be collaterally attacked or wholly ignored.

3. *Officers; Tenure; Authority; How Raised.*—The title to town offices must be tested by a direct proceeding, and cannot be raised or determined in a collateral proceeding for writ of injunction, and a seizure against the sale of intoxicating liquors by one to whom excise officers had issued a void liquor license.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

[Allen, et.al. v. State, ex rel. Rowe, et al.]

Bill by the State, on the relation of W. R. Rowe and others, against Frank L. Allen and others for writ of injunction and a seizure against the sale of intoxicating liquors in the town of Citronelle. From a decree for relators, respondents appeal. Affirmed.

The facts of the allegations are that Frank Allen and the others named as co-respondents, who are in the employment of said Frank Allen, are engaged in the sale of spirituous, vinous, or malt liquors in a certain building within the corporate limits of the town of Citronelle, Ala., and that in said building they have stored and keep for sale such liquors and sell them. But Allen has a retail liquor license, and has paid the requisite tax for the same, but that Citronelle is not a town in which it is lawful to sell, give away, or otherwise dispose of such liquors, in that it has not a policeman or marshal continually employed, but that, in fact, has no marshal or policeman at all, and has no police protection of any sort.

WEBB & MCALPINE, for appellant. The writ ought not to be awarded in this case because the license has already been granted to Allen.—*Excise Commission of Citronelle v. State ex rel. Skinner*, 179 Ala., Acts 1911, p. 8; Acts 1911, p. 250. The duty of protecting the city was mandatory upon the council to give the city police protection.—38 Ga. 542; Sec. 1251, Code 1907; McQuillan Mun. Ord., Sec. 183.

R. P. ROACH, for appellee. The Carmichael and the Fuller Bills apply and control in a town without police protection under the very terms of the Smith and Parks Bills.—*Alford v. State*, 170 Ala. 178; *Wes. R. v. Capitol B. Co.*, 59 South. 54; *State ex rel. Crumpton v. Montgomery*, 59 South. 299. It is entirely discretionary with

the town whether it will employ marshal and policemen or not.—Sec. 1171, Code 1907; McQuillan's Mun. Ord. 231; 100 Ky. 166. The legality of the title to the office of mayor and councilmen of Citronelle cannot be raised and tried in this proceeding.—*Butler v. Walker,* 98 Ala. 358. The granting of the license was void under the law.—*Murphy v. Bishop,* 78 Ala. 405; *Wiley v. State,* 117 Ala. 158. This being true it is open to collateral attack or may be wholly ignored.—*Howell v. Hughes,* 168 Ala. 467; *Wilson v. Holt,* 83 Ala. 526; *Brock v. Frank,* 51 Ala. 85.

McCLELLAN, J.—The bill exhibited by the state on the relation of W. H. Rowe et al. would invoke the injunctive power authorized by the Fuller and Carmichael Bills (Acts Sp. Sess. 1909, pp. 8 and 63, respectively) to abate liquor nuisances.—*Fulton v. State,* 171 Ala. 572, 586, 54 South. 688 et seq. By section $10\frac{1}{2}$ of the Parks Bill (Gen. Acts 1911, p. 30) it is provided: "The sale of spirituous, vinous, malt and other intoxicating drinks and beverages enumerated in this bill, shall not be permitted outside the corporate limits of cities or towns, nor shall the sale of such drinks and beverages be permitted in any town which has not at least one policeman or marshal continually employed." By section 2 of the Smith Bill (Gen. Acts 1911, p. 250) it is provided: "That there be and is hereby created an excise commission for each city or town wherein the manufacture and sale of spirituous, vinous or malt liquors under license is authorized," etc. By section 9 of the Smith Bill (Gen. Acts 1911, p. 255) it is provided: "That no license to manufacture or sell spirituous, vinous or malt liquors outside of the corporate limits of a city or town with at least one marshal or policeman shall be granted."

13—181

Under these provisions, which are of effect in Mobile county, it is plain that no license to sell or manufacture spirituous, vinous, or malt liquors can lawfully issue where the municipality in which it purports to warrant the traffic has not police protection described therein. An attempt to issue a license in any town or city without such police protection is a violation of the express prohibition of the laws quoted, and, if one holding such vain, only apparent, authorization, sells or manufactures such liquors, he cannot, of course, find protection from the consequences that attend an illegal, unauthorized traffic in such liquors. Whether a municipality shall preserve the peace and safety of its people through a police officer or officers is committed to the discretion of its governing authority.—Pol. Code, §§ 1171, 1251. We know of no positive law requiring the selection or retention of a police officer or officers in the town of Citronelle. None, to that effect, has been called to our attention. Hence there is no power in the courts to exact the employment of that means for the preservation of the peace and the safety of the people in municipalities in this state.

Except as repealed by repugnant provisions of the Smith and Parks Bills, the Fuller and Carmichael Bills are in force in those counties in which the manufacture and sale of spirituous, vinous, and malt liquors has become lawful after a vote by the people to that end under the Parks Bill.—*Western Railway Co. v. Capital Brewing Co.*, 177 Ala. 149, 59 South. 52-54 ;*State ex rel., etc., v. Montgomery et al.*, 177 Ala. 212, 59 South. 299. In the former decision it is said: "The recital of the acts shows, first, what 'prohibited liquors' means; second, that the sale of them is still unlawful under the general laws of Alabama, and the later acts are based upon the fact that this is the general law and policy of the

state of Alabama, and provide merely that the sale, etc., of the same may be legalized in the towns and cities of the state, by a vote of the people. As to all other places, and as to all other parts of said acts not authorized to be changed by the vote of the people, the law necessarily remains just as it was before." The injunctive process authorized by the laws mentioned is now appropriate to abate liquor nuisances in counties that have not authorized (by ballot) the traffic therein.

It is urged that the ruling in *Excise Commission of Citronelle v. State ex rel. Skinner,* 179 Ala. 654, 60 South. 812, established the judicial nature of excise commissioners in respect of the issuance of licenses to liquor dealers. The question there considered and soundly decided involved the features of the license laws that have to do with petitions or recommendations supporting an applicant's application for license. The matter of power of an excise commission to issue a license for the traffic in a territory in which upon condition the license could not validly issue was not there considered or decided.

The bill and supporting affidavits in this instance make a case of entire want of power in the excise commission of Citronelle to issue Allen (appellant) a license to engage in the traffic therein, for that there has been since December 1, 1912, no police protection in that municipality of the character the laws prescribed as a condition to the right to issue liquor licenses in that municipality. Being, on the facts averred and supported by the affidavits filed, without any power to issue this license to Allen in Citronelle, the act of the excise commission was wholly void; and its act in attempting to authorize Allen to engage in the traffic may be collaterally impeached or wholly ignored.—*Beasley v.*

*Howell,* 117 Ala. 499, 22 South. 989; *Carr v. Illinois Central R. R. Co.,* 180 Ala. 159, 60 South. 277.

The right of tenure of office of certain members of the governing body of Citronelle cannot be raised or determined in the purely collateral way here sought to be asserted. The title to office must be tested in a direct proceeding.—2 McQuillam, § 469; *Ex parte Harris,* 52 Ala. 87, 23 Am. Rep. 559; *Beebe v. Robinson,* 52 Ala. 66; *Goodwyn v. Sherer,* 145 Ala. 501, 40 South. 279; *Little v. City of Bessemer,* 138 Ala. 127, 35 South. 64.

These considerations lead us to the conclusion that no error is shown in respect of the issuance of the preliminary injunction.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.