THE PEOPLE *ex rel.* M. W. Chance, Plaintiff in Error, *vs.* EDWARD A. BURKE, Sheriff, Defendant in Error.

*Opinion filed June 22, 1916.*

MANDAMUS—*when writ of mandamus will be denied.* The writ of *mandamus* will be refused when it is manifest it will be barren or useless and cannot have a beneficial effect, or when the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

JONAS & HALEY, (FULTON, GAREY & DEUTSCHMAN, of counsel,) for plaintiff in error.

ALEXANDER WILSON, State's Attorney, (WALTER WARDER, and WALTER B. WARDER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

The relator, M. W. Chance, on July 28, 1915, filed his petition in the circuit court of Alexander county to the October term, 1915, of said court, for a writ of *mandamus* to compel the respondent, as sheriff and *ex-officio* collector of taxes of said county, to re-advertise and sell lands in said county which had been advertised for sale at the tax sale begun on July 26, 1915. A summons was issued and served on the respondent August 4, 1915. A demurrer was filed to the petition, and an amended petition was filed. A general demurrer was filed to the amended petition, which was sustained. This writ of error has been sued out to reverse the decision of the circuit court.

It was averred in the petition that the respondent, as sheriff of Alexander county and *ex-officio* collector, adver-

tised a list of the lands and lots upon which taxes were unpaid and which had been returned as delinquent. It was also averred that an application for judgment was made pursuant to the notice and advertisement, and judgment was entered against such delinquent lands and lots upon which taxes had not been paid, at the July term, 1915, of the county court of said county, and said lands and lots were offered for sale for the purpose of satisfying the amount of unpaid and delinquent taxes due thereon. It was further averred that the relator was present on the date set for said sale, July 26, 1915, being the time advertised, but no property was sold by the respondent on that day but the sale was continued until the next day, at which time the respondent offered two of the pieces advertised, but not in the order in which they had been listed, and then adjourned said sale until the following day. The petition charges that it was the duty of respondent, as such officer, at the time and place specified in the notice of the sale, to attend and proceed to offer for sale, separately and in consecutive order, every tract of land or lot mentioned in said advertisement on which taxes had not been paid at such time, and to sell on said date and at the place advertised all such tracts or lots of land as could properly and legally be sold between the hours of nine o'clock in the forenoon and four o'clock in the afternoon of such date, and to continue the sale from day to day, and to sell each day as many tracts and lots and property as could legally be done until all such property in the delinquent list could be sold or offered for sale. The prayer of the petition is for a writ of *mandamus* directed to the respondent commanding him to fix upon a day certain and forthwith, or as soon as practicable, to make and publish a proper advertisement giving notice of the sale of delinquent land and lots and property within the county of Alexander which were legally subject to sale for delinquent taxes, and when the said notice shall have been published for a period of time to be fixed by the court, that

the said county collector, upon the day so advertised for the sale aforesaid, shall proceed to legally sell, separately and in consecutive order, each of said tracts of land so advertised and all of the same that can properly and legally be done between the hours of nine o'clock in the forenoon and four o'clock in the afternoon of such day, and that such sale be conducted in like manner from day to day until all the tracts described in such delinquent list shall be sold or offered for sale, and that such further order may be made in the premises as justice may require.

A mere statement of the substance of the petition of relator shows that the prayer of the petition could not have been granted. Under section 201 of the Revenue act the collector was required, on the day specified in the notice for the sale of real estate for taxes, to proceed to offer for sale the several tracts of land and lots in the list on which the taxes had not been paid, and to continue such sale from day to day until all the tracts or lots should be sold or offered for sale. The petition shows respondent started the sale and that the same was in progress when the petition was filed. The amended petition was filed on the 23d day of October, 1915, to which a demurrer was filed on October 26, 1915, and the same was argued and taken under advisement by the court on the 28th day of October and was sustained on the 5th day of November and an appeal was prayed. For all that appears in the petition or the record in this case, the respondent, as county collector, proceeded with the tax sale and advertised and sold, or offered for sale, all the property advertised on which the taxes were not paid prior to such sale, and in the natural course of events the purchasers at such tax sale have been issued certificates of sale, and are either holding the same for redemption or the different tracts sold have been redeemed. At least two tracts had been sold when the petition was filed. For all that is shown by the petition, the respondent may have concluded the sale before summons was served on

him in this case. The court will refuse to grant a writ of *mandamus* when it is manifest it will be barren and fruitless or useless and cannot have a beneficial effect, (*Cristman v. Peck,* 90 Ill. 150,) or when the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstance since the commencement of the suit, can be of no substantial or practical benefit. (*Gormley v. Day,* 114 Ill. 185.) The prayer of the petition could not have been granted. The petition was insufficient and without merit and the demurrer thereto was properly sustained.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*