## STATE EX REL. WARREN H. STOWE
*vs.*
## WILLIAM P. MAHONEY ET AL.

Superior Court      Fairfield County      File No. 63845

MEMORANDUM FILED JANUARY 5, 1942.

*Lorin W. Willis,* State's Attorney, for the Relator.

*Harry Schwartz,* of Bridgeport, for the Respondents.

QUINLAN, J.   No doubt the relator and those associated with him were impelled by the honest endeavor of citizens to see that correct and fair elections should be held.   If this proceeding did nothing else, it revealed an off-the-record claim, which seemed to have some basis, that proper notification to the party chairmen of the intention to examine the voting machines before election was not given.

As to the mandamus itself, it does not appear from the alternative writ, *as a fact,* or that the claim would be supported by legal evidence, that any vote actually cast in either the Third or Fifth B election districts was not duly recorded and accounted for.   It also appears from an examination of the statute, section 736 of the General Statutes, Revision of 1930, that these respondents, alone, are not charged with the duty now sought to be discharged by them.

It is the duty of the courts, when it is necessary to preserve the *substantial* rights of any person, not to hesitate to act in controversies growing out of elections; but they should act only upon a clear showing that otherwise serious injustice will be

done. *Comley, State's Attorney, ex rel. Harrison vs. Wilson,* 116 Conn. 36, 47.

An examination of the check list of the votes cast for the various candidates shows a total of 106 votes for mayor for the Progressive Party's candidate, whereas over 25,000 were cast for Mayor McLevy. Their candidate for town clerk received the same number of votes. A relative differential appeared in the votes for aldermen of the contested districts.

"The writ of mandamus is a prerogative writ. It is not demandable as a matter of strict right and is subject to the exercise of a sound legal discretion though it will not be refused when the applicant has a clear legal right and a substantial matter is involved. . . . If the right sought to be enforced is or has become a mere abstract right, the enforcement of which will be of no substantial or practical benefit to the petitioner, the writ will not issue though otherwise the applicant would be entitled to it." *State ex rel. Shelton vs. Edwards,* 109 Conn. 249, 253.

Only by the exercise of great speculation and the possession of the highest optimism can one imagine any different practical result than that achieved, and to grant the prayer of the relators would be unfair to the taxpayer.

The motion to quash is granted.