STATE EX REL. WILLIAM J. DONAHUE v. CLEMENT C. HOLBROOK

BROWN, C. J., JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, Js.

Argued April 6—decided May 31, 1950.

J. *Warren Upson,* with whom was *Kenyon W. Greene,* for the appellant (plaintiff).

*Harry Ossen,* for the appellee (defendant).

INGLIS, J. In this proceeding William J. Donahue, who will be referred to as the plaintiff, sought a peremptory writ of mandamus directing the defendant, the secretary of the board of education of the town of Torrington, to permit him to inspect the minutes of certain specified meetings of that board. The alternative writ alleged that the plaintiff was an elector of the town of Torrington but did not set forth any further interest he might have had in the minutes or his purpose in seeking access to the records. The motion to quash was on the ground that the writ failed to state those matters and that, therefore, its allegations were insufficient to form a basis for granting the relief sought. The motion to quash was granted, the plaintiff elected not to plead over and judgment was entered

denying the peremptory writ. This appeal assigns as error the granting of the motion to quash.

There is no statute which specifically provides that the minutes of the Torrington board of education shall be open to inspection. As the motion to quash did not question that the minutes of the board were public records, we assume, without deciding the question, that they were. Accordingly, the sole question to be decided on this appeal is whether, in the absence of any controlling statute, an elector who does not allege in the alternative writ what his special interest in the records is or for what purpose he seeks to inspect them is entitled to a peremptory writ of mandamus to compel the custodian of public records to open those records for his inspection.

The answer to that question is to be found in the basic principles which govern the issuance of the writ of mandamus. It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. *Chesebro* v. *Babcock,* 59 Conn. 213, 217, 22 A. 145; High, Extraordinary Legal Remedies (3d Ed.), pp. 10, 13. That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. *State ex rel. Levy* v. *Pallotti,* 133 Conn. 334, 342, 51 A. 2d 136, and cases cited; *Bassett* v. *Atwater,* 65 Conn. 355, 360, 32 A. 937; High, op. cit., p. 12. Even though the plaintiff has a legal right to the matter sought, the writ will not issue if that right be nothing more than a naked right. In addition to a bare legal right, he must have a proper interest in, and a proper purpose to be served by, the doing of the act sought to be ordered. Ferris, Extraordinary Legal Remedies, § 198; see *Payne* v. *Staunton,* 55 W. Va. 202,

209, 46 S. E. 927. "If the right sought to be enforced is or has become a mere abstract right, the enforcement of which will be of no substantial or practical benefit to the petitioner, the writ will not issue though otherwise the applicant would be entitled to it." *State ex rel. Shelton* v. *Edwards,* 109 Conn. 249, 253, 146 A. 382.

In mandamus proceedings, the alternative writ should fulfill the function of the complaint in an ordinary civil action. It must allege all of the facts which are essential to show, prima facie, that the plaintiff has a clear legal right to the relief sought. *Williams* v. *New Haven,* 68 Conn. 263, 270, 36 A. 61; *American Casualty Ins. & Security Co.* v. *Fyler,* 60 Conn. 448, 459, 22 A. 494; *Woodruff* v. *New York & N. E. R. Co.,* 59 Conn. 63, 86, 20 A. 17. Accordingly, in the present case, to withstand attack by a motion to quash, the alternative writ had to allege facts from which it would appear that the plaintiff had something more than a mere abstract right to the relief sought. To justify the issuance of a peremptory writ, it was essential that it appear clearly that access to the records would serve some substantial purpose and interest of the plaintiff.

It is the contention of the plaintiff that the alternative writ met this requirement by alleging simply that he was an elector of the town of Torrington, because the mere fact that he was an elector was enough to show, prima facie, that he had a proper purpose and interest, to wit, the gaining of information for the proper exercise of his franchise as a voter. There are some early English cases which appear to support such a contention. They hold without reasoned opinions that the mere fact that the plaintiff was an inhabitant of a town or parish or a freeman of a borough would entitle him, without more, to a writ compelling the opening to his inspection of the records of the municipality. *Herbert* v. *Ashburner,* 1 Wils. K. B. 297, 95

Eng. Rep. 628 (1750); *Anonymous,* 2 Chit. 290 (1814); *Ex parte Stafford Corporation,* 1 L. J. K. B. (o.s.) 41 (1822). It may be surmised that the basis of these decisions was that every citizen necessarily has an interest in the matter to which public records relate because the information contained therein has a bearing on his vote. See *Nowack* v. *Auditor General,* 243 Mich. 200, 204, 219 N. W. 749.

As the law progressed it became apparent, however, that the purpose for which a citizen or elector sought access to public records was not always one incidental to the exercise of his elective franchise. For example, there is a long line of cases both in England and in this country in which mandamus has been sought for the inspection of public records for the purpose of obtaining information therefrom for use in private litigation. An example in this state is *Daly* v. *Dimock,* 55 Conn. 579, 12 A. 405, where a citizen accused of murder was granted access to a coroner's records to obtain information for his defense. See p. 590. It is generally held that such a purpose is one which justifies the issuance of a peremptory writ. There are many cases in which title abstractors, as citizens, have sought access to land records. While mandamus is ordinarily granted in such cases if the purpose is to search a title as the agent of a particular landowner, it is generally denied if the only purpose is the compilation of information to be sold in the course of the abstractor's private business. High, Extraordinary Legal Remedies (3d Ed.), p. 86. There are some cases in which it appears that an elector who is also a newspaper reporter has sought to inspect public records to obtain information which is of public interest, and mandamus has been granted for that purpose when the purpose is bona fide. *Nowack* v. *Auditor General,* supra, 202. There are others in which an elector has attempted to compel a

disclosure of public records for a purpose which is purely frivolous. In such cases the writ is denied. *Ex parte Briggs*, 1 E. & E. 881, 886, 120 Eng. Rep. 1141; *Payne* v. *Staunton*, 55 W. Va. 202, 214, 46 S. E. 927; Ferris, Extraordinary Legal Remedies, § 197.

Inasmuch as an elector may have as his object in gaining access to public records one of any number of purposes not connected with the performance of his duties as an elector, it has now become the generally accepted rule that the mere fact that a plaintiff is an elector does not in itself entitle him to a peremptory writ for such inspection, at least as to other than judicial records. *Excise Commission* v. *State ex rel. Skinner*, 179 Ala. 654, 657, 60 So. 812; *Mushet* v. *Department of Public Service*, 35 Cal. App. 630, 632, 170 P. 653; *Nowack* v. *Auditor General*, supra, 205; *Matter of North* v. *Foley*, 238 App. Div. 731, 733, 265 N. Y. S. 780; *Clement* v. *Graham*, 78 Vt. 290, 315, 63 A. 146. The matter is well stated in *State ex rel. Wellford* v. *Williams*, 110 Tenn. 549, 592, 75 S. W. 948, as follows: "In theory the right of examination [of public records] is absolute, but in practice it is at last only a matter of discretion, because such application is likely at any time to be refused on the part of the custodian of the books and papers sought to be examined, and then the right must be enforced by mandamus, and this writ is not of absolute right, but merely of discretion, to be awarded only in a proper case; the facts claimed as authorizing its issuance to be judged of in every case by the court, and the writ to be awarded or withheld upon a consideration of all the circumstances presented. So, while the right is, in theory, absolute, yet it is in practice so limited by the remedy necessary for its enforcement as that it can be denominated only a 'qualified right.'" The case of *Commonwealth ex rel. Biddle* v. *Walton*, 6 Pa. Dist. 287, quoted from in the plain-

tiff's brief, is not contra, because the application for the writ in that case alleged not only that the relator was a voter but also that he was a candidate for office in a coming election and that his purpose in asking access to the public records was to prevent fraudulent voting in that election. The rights of an elector to inspect public records are analogous to those of a stockholder to inspect the books of his corporation. Those rights, except as controlled by statute, are qualified rights which may be exercised only for a proper purpose. *State ex rel. Costelo* v. *Middlesex Banking Co.,* 87 Conn. 483, 484, 88 A. 861.

From the fact that for an elector to enforce by mandamus his right to inspect public records it is essential that he have a proper purpose, and such a proper purpose is not to be presumed from the mere fact that he is an elector, it necessarily follows that his alternative writ must set forth his purpose. Otherwise, the alternative writ would not allege facts showing anything more than a naked abstract right. It would not allege facts which show his clear right to have the inspection. *United States ex rel. Stowell* v. *Deming,* 19 F. 2d 697, 698, cert. denied, 275 U. S. 531, 48 S. Ct. 28, 72 L. Ed. 410. The issue whether the plaintiff has a proper purpose in seeking the information is not one to be raised by way of affirmative defense. That he has a proper purpose is an essential element of his prima facie case and must be alleged in the alternative writ. The contention of the plaintiff that to compel him to allege his purpose in seeking access to public records denies him a constitutional right incident to the right of freedom of speech has no merit.

From the fact that the alternative writ in the present case failed to allege the plaintiff's interest in the inspection of the records which he sought or his purpose in seeking it, it follows that it did not state a prima

facie case, and therefore the motion to quash was properly granted.

There is no error.

In this opinion the other judges concurred.