[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
The plaintiff, Sharon Hughes, commenced this action by writ, summons and complaint against the defendant North Canaan Planning Commission, dated March 11, 1993. The complaint contains a single count and alleges that on October 9, 1990, the defendant Commission approved an application for a subdivision on the northerly side of Cemetery Road in North Canaan, Connecticut. At the time of the approval, the plaintiff in this action had appeared at the public hearings about the subdivision to voice her concerns. Partly in response to those concerns, the Commission attached certain conditions to the approval, specifically that access to all lots in the subdivision be from the newly created road and not from Cemetery Road, and that a buffer of trees be planted along Cemetery Road. At some time subsequent to the approval, an incorrect map was submitted to the Commission chairman who signed off on the map and had it filed in the land records.
As the subdivision was developed, a lot was sold and a driveway constructed from that lot directly onto Cemetery Road. On May 13, 1992, the plaintiff appeared at the planning commission to request that the conditions placed upon the property be enforced. It was discovered that the Commission has no regulations for the enforcement of its subdivision regulations. Therefore, on June 10, 1992, the plaintiff again appeared before the Commission to request that they promulgage [promulgate] regulations for enforcement. On October 14, 1992, the Commission refused to promulgate the enforcement regulations.
On May 5, 1993 the defendant filed a motion to strike the plaintiff's complaint and attached thereto a supporting memorandum. On May 21, 1993, the plaintiff filed an objection to the defendant's motion to strike and attached thereto a supporting memorandum.
The pleadings in mandamus are the same as in ordinary civil actions, see Practice Book 542, and the general rules of pleading apply. Marciano v. Piel, 22 Conn. App. 627, 629, 579 A.2d 539 (1990). Therefore, a motion to strike is appropriate to challenge the legal sufficiency of the complaint. See Practice Book 545.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Auth.,208 Conn. 161, 170, 544 A.2d 1185 (1988). A trial court, in reviewing a motion to strike, will only consider those grounds specified in the motion. Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235
CT Page 6291 (1987). The court is limited to the facts alleged in the underlying pleading. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The motion to strike admits all facts well pleaded, but does not admit legal conclusion or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). If facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). In deciding upon a motion to strike, the court shall construe the facts alleged most favorably to the pleader. Gordon v. Bridgeport Housing Auth., supra. The facts will be viewed broadly, "including the facts necessarily implied by and fairly provable under them." Schmidt v. Yardney Electric Corp., 4 Conn. App. 69, 74,495 A.2d 512 (1985); see Zeller v. Mark, 14 Conn. App. 651, 654,542 A.2d 752 (1988).
The defendant did not set forth the reasons for its motion to strike in the motion as required by Practice Book Section 154. In its memorandum of law, however, the defendant did set forth the reason for its motion to strike.[1] The defendant, Town of North Canaan contends that the plaintiff's complaint should be stricken because the complaint fails to allege a legal duty on the part of the North Canaan Planning Commission to promulgate enforcement regulations. In addition, the defendant contends that the complaint does not contain a clear statement in the prayer for relief as required by Practice Book 542.
It is well settled that in an action for mandamus the complaint must allege all the facts to make a prima facie case that under the law the plaintiff has a clear legal right to the relief sought. Donahue v. Holbrook, 136 Conn. 691, 694, 73 A.2d 924 (1950). In addition, the prayer for relief must specifically state that an order in the nature of mandamus is sought. Practice Book 542.
In the case at bar, the plaintiff seeks a mandamus to compel the planning commission of the Town of North Canaan to adopt enforcement regulations and a further court order requiring the planning commission to enforce the conditions placed on subdivision. The plaintiff's complaint does not contain any allegations that the planning commission is under a legal duty to adopt enforcement regulations or to enforce the conditions placed on subdivision. In addition, the prayer for relief does not specifically state that an order in the nature of mandamus is sought.
Accordingly, the defendant's motion to strike the plaintiff's complaint is granted.
PICKETT, J. CT Page 6292