[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 112
On March 2, 1995, the plaintiff, Interlude, Inc. ("Interlude"), filed an amended complaint against the defendants, CT Page 10574 Katherine A. Skurat, Tax Collector of the City of Danbury and the City of Danbury ("City"), requesting the court to issue a writ of mandamus compelling Skurat and the City to return certain taxes that Interlude allegedly improperly paid to Skurat and the City.
In the amended complaint, Interlude alleges it is a nonprofit organization that is not required, by virtue of Danbury Code, Sec. 18-20 and General Statutes, Sec. 12-81b, to pay taxes to Skurat and the City. Despite the nonprofit exemption, Interlude alleges that Skurat and the City required it to pay certain back taxes. Had Interlude not paid the taxes, Skurat and the City would have sold the property at a tax sale. The specific allegations that are pertinent to this motion to strike are set forth in paragraphs 15-18 of the amended complaint, as follows:
 15. Defendants are required by General Statutes, Sec. 12-81b and/or Danbury Code, Sec. 18-20 to reimburse Interlude as demanded on account of such payments.
 16. Such reimbursement is a non-discretionary ministerial duty of the Defendants.
 17. Despite such demand, Defendants have neglected and refused and continue to neglect and refuse to reimburse any and all of the foregoing payments made by Interlude.
 18. Interlude has no other effective and adequate remedy available.
On May 22, 1995, the defendants filed a motion to strike on the grounds that the complaint fails to allege a legally sufficient claim, as it fails to name the proper party and claims relief not authorized by law or statute. In support of its motion, it filed a memorandum of law which argues that "the plaintiff is not entitled to a mandamus as it had an adequate remedy which it failed to pursue." The defendants also argue that "the plaintiff's allegations are insufficient to properly allege a claim of a writ of mandamus as they fail to allege sufficient facts as to the plaintiff's neglect to receive such a payment." The last argument in support of the motion to strike is that "the tax collector is not a proper party defendant in this mandamus action."
On June 7, 1995, Interlude filed an objection to the motion to strike, arguing that it had sufficiently plead a cause of CT Page 10575 action for mandamus and that the facts set forth in the complaint established liability on the part of Skurat.
"`The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992); Practice Book, Sec. 152. "In considering the ruling upon the motion to strike . . . [the court is] limited to the facts alleged in the complaint." King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985). The court, however, is not bound by the legal conclusions contained in the complaint.Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding the motion "`[t]he court must construe the facts in the complaint most favorable to the plaintiff'"; NovametrixMedical Systems v. BOC Group, Inc., supra, 224 Conn. 215; and examine the allegations in the light most beneficial to sustaining the sufficiency of the pleading. Michaud v. Wawruck,209 Conn. 407, 408, 551 A.2d 738 (1988).
The court need only address the second argument posed by the defendants in support of their motion for the court to strike the complaint. The second argument the defendants offer is that Interlude's "allegations are insufficient to properly allege a claim of a writ of mandamus . . . ."
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes." Beccia v. Waterbury,185 Conn. 445, 453, 441 A.2d 131 (1981). "`It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law.' Chesebro v. Babcock, 59 Conn. 213, 217, 22 A. 145 [1890]; High, Extraordinary Legal Remedies (3d Ed.), pp. 10, 13. That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks.' State ex rel. Donahue v. Holbrook, 136 Conn. 691,693, 73 A.2d 924 (1950); Pape v. McKinney, 170 Conn. 588,595, 368 A.2d 28 (1976). The writ is proper only when `(1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy.' Bahramian v. Papandrea, 184 Conn. 1, 3, 440 A.2d 777
(1981)." Golab v. New Britain, 205 Conn. 17, 19-20, 529 A.2d 1297
CT Page 10576 (1987).
Interlude's complaint contains allegations that comprise the essential elements of a writ of mandamus; however, the allegations fail to allege any facts in support of the mere legal conclusions. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group,Inc., supra, 224 Conn. 215. In paragraphs 15, 16 and 17, the operative paragraphs of the complaint, Interlude alleges the following:
 16. Such reimbursement is a non-discretionary ministerial duty of the Defendants.
 17. Despite such demand, Defendants have neglected and refused and continue to neglect and refuse to reimburse any and all of the foregoing payments made by Interlude.
 18. Interlude has no other effective and adequate remedy available.
For Interlude's complaint to withstand a motion to strike, these allegations must contain facts supporting the legal conclusions and not simply bare legal conclusions. See Mora v.Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211,535 A.2d 390 (1988) ("[a] motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts"). Since the allegations in Interlude's complaint deal solely with the legal elements of mandamus and do not contain any facts supporting the legal elements, the court grants the defendants' motion to strike.
Stodolink, J.