JOHN S. BOYKO *v.* ROBERT B. WEISS, TOWN MANAGER OF THE TOWN OF WINDSOR

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued December 2, 1959—decided February 3, 1960

*Irving H. Rosenthal,* with whom, on the brief, was *Kenneth S. Halpern,* for the appellant (plaintiff).

*Harry Cooper,* with whom was *Frank J. Monchun,* for the appellee (defendant).

SHEA, J. In February, 1956, the plaintiff, who had been a member of the police force of the town of Windsor for a number of years, was promoted to the rank of sergeant. On November 30, 1956, the defendant, exercising the powers of the director of public safety (25 Spec. Laws 945, § 7), suspended the plaintiff from duty and, on December 3, 1956, discharged him from the force in a letter which stated the cause of dismissal. Under the provisions of the charter of the town, the director of safety has the power to appoint the chief of police and other members of the police department. 25 Spec. Laws 130, § 21 (b). They hold office during good behavior. Ibid. The director of safety "may, for cause, remove any such member, upon written charges preferred by any person; provided a copy of such charges shall be served on such member and, if he

requests, the [town] council shall first hold a public hearing thereon, not less than five nor more than ten days after such service. Pending such hearing and prompt determination of the charges, such member may be suspended by the director of safety." Ibid.

Upon receiving notice of his dismissal, the plaintiff requested a public hearing before the town council. A hearing was held, and on January 8, 1957, the council ordered the defendant to reinstate the plaintiff as a patrolman. The defendant attempted to carry out this order, but the plaintiff refused to accept reinstatement as a patrolman and demanded to be reinstated as a sergeant. When the defendant refused, the plaintiff brought this action to compel the defendant to comply with his demand. The stipulation of facts upon which this case was tried does not disclose the cause for which the plaintiff was removed. The court concluded that the plaintiff had failed to establish a clear legal right to the relief which he sought and rendered judgment for the defendant.

The plaintiff claims that the sole function of the town council in cases of suspension or removal from the police department is to pass upon the question whether the suspension or removal was for cause. He contends that the council must find either that the charges were proper or that they were improper, that the council's order must be construed as a finding in his favor on that issue, and that the order directing the defendant to reinstate the plaintiff as a patrolman usurped on an administrative function and went beyond the scope of the council's authority under the charter. Aside from providing for a public hearing, the charter is silent as to the authority of the council to approve, modify or over-

rule any disciplinary action taken or proposed by the director of safety. Therefore, it might also be argued that the proper function of the council in connection with the plaintiff's removal was limited to the holding of a hearing and that the ultimate decision rested with the director of safety.

Mandamus neither gives nor defines rights which one does not already have. It commands the performance of a duty. It acts upon the request of one who has a complete and immediate legal right; it cannot and does not act upon a doubtful and contested right. It is an expeditious remedy to protect a clear legal right. *State ex rel. Comstock* v. *Hempstead,* 83 Conn. 554, 561, 78 A. 442. A writ of mandamus is a prerogative writ which will issue only to enforce a clear legal right where the person to whom it is addressed is under a legal obligation to perform the act commanded. *State ex rel. Levy* v. *Pallotti,* 133 Conn. 334, 342, 51 A.2d 136. The plaintiff assumed the burden of proving that the defendant's action in discharging him and in refusing to reinstate him as a sergeant was improper. Since the cause for which the plaintiff was removed was not disclosed in this case, it was obviously impossible for the court to determine that there was not a valid ground for the plaintiff's dismissal. Because of the uncertainties presented upon the record, the conclusion of the court that the plaintiff failed to establish a clear legal right to his reinstatement as a sergeant cannot be disturbed.

There is no error.

In this opinion the other judges concurred.