STATE EX REL. ALBERT P. MORANO *v.* OTTO KLUMPP,
TOWN CLERK OF THE TOWN OF GREENWICH

SUPERIOR COURT   FAIRFIELD COUNTY AT STAMFORD   FILE No. 4142

Memorandum filed October 10, 1961

*Goldstein & Peck,* of Bridgeport, for the plaintiff.

*Stewart H. Jones* and *A. William Mottolese,* of Greenwich, for the defendant.

TROLAND, J.  This is an action for an order in the nature of mandamus requiring the defendant, as town clerk of the town of Greenwich, to announce the candidacy of the relator, Albert P. Morano, in the Democratic primary and to place the name of the relator, hereinafter called the plaintiff, on the

Democratic primary ballot to be prepared by defendant for use at the Democratic primary in the town of Greenwich on October 17, 1961. The plaintiff, Albert P. Morano, is a resident of and a duly qualified elector of the town of Greenwich. He is an enrolled member of the Republican party in said town. On November 7, 1961, an election is to be held in the town of Greenwich for the office of first selectman.

Under the provisions of Special Act No. 293 of the 1953 session of the General Assembly, entitled "An Act Concerning Nominating Procedure in the Town of Greenwich," party nominations for a general election are made by the town committees of the eligible political parties, and in the event that proper nominating petitions are filed proposing additional nominations, a primary is held for the nomination of candidates for elective office. 26 Spec. Laws 909. Section 5 of the act, as amended, provides as follows: "Sec. 5. Any additional proposal for nominations at such primary shall be made by filing a nominating petition with the town clerk, accompanied by a fee of thirty-five dollars for each candidate and a written acceptance of the nomination, not later than five o'clock in the afternoon of the forty-second day preceding the general election. The registrar shall prepare and have available for distribution nominating petition forms to be used in such primary. No more than one candidate may be proposed in any one nominating petition for the same office unless two or more persons are to be nominated by one party for such office; but any one nominating petition may propose as many candidates for different offices as there are nominations to be made for offices to be filled. The petition shall be signed by at least one per cent of the enrolled members of the party for whose nomination such candidate or candidates are proposed . . . . The

signatures to a petition presenting a candidate need not all be appended to one paper but each page of the petition shall contain the name and street address of each candidate, and the office for which such person is proposed as a candidate. Candidates must be electors of the town of Greenwich." 26 Spec. Laws 909, § 5, as amended, 27 Spec. Laws 412, No. 479. It is important to note that the only requirement for a candidate mentioned in § 5 is "[c]andidates must be electors of the town of Greenwich."

In accordance with the provisions of said Special Act No. 293, a primary for nominating candidates for first selectman is to be held in Greenwich on Tuesday, October 17, 1961, by the Democratic party and the Republican party. The plaintiff has heretofore duly filed a valid and sufficient petition with the defendant, as town clerk of said town of Greenwich, nominating the plaintiff as a candidate in the forthcoming Republican primary for the office of first selectman of Greenwich. The town clerk has announced the plaintiff's candidacy, and the plaintiff's name will appear as a candidate on the Republican primary ballot.

On September 26, 1961, the plaintiff filed with the defendant, as town clerk, a nominating petition signed by more than one percent of the enrolled members of the Democratic party in Greenwich, proposing the plaintiff, Albert P. Morano, as a candidate for the office of first selectman in the Democratic primary to be held on October 17, 1961. The plaintiff paid the appropriate fee, and all other requirements of § 5 of Special Act No. 293 were complied with.

When a primary is to be held, it is the duty of the town clerk to give notice thereof, and of the time and place or places of holding such primary and the names of all proposed candidates, including

those nominated by the town committee of any party as well as those nominated by petition, by publication in at least one daily newspaper having a general circulation in Greenwich and by posting notice on the public signposts in said town. 26 Spec. Laws 910, § 6. On September 29, 1961, the defendant town clerk notified the plaintiff, Albert P. Morano, that he would not announce his candidacy in the forthcoming Democratic primary and that the name of the plaintiff would not appear as a candidate on the Democratic primary ballot. The plaintiff claims that inasmuch as he is an elector of the town of Greenwich and the nominating petition filed on his behalf meets all the requirements of § 5 of Special Act No. 293, he has a clear legal right to have his name included in the Democratic primary notice and on the Democratic primary ballot. This would seem to be so if said § 5 stands alone as the applicable law.

The defendant notes that § 23 of Special Act No. 293 contains the provision that "except as otherwise provided in this act, the provisions of law relating to elections and corrupt practices therein, so far as practicable, shall apply to primaries provided for by this act." 26 Spec. Laws 914, § 23. Section 9-99 of chapter 144 of the General Statutes provides: "[A] candidacy for nomination by a political party to a municipal office or a candidacy for election as a member of a town committee *may be filed by or on behalf of any person whose name appears upon the last-completed enrolment list of such party within the municipality* . . ." (italics supplied). Defendant maintains that the above-quoted section of the statutes effectively prevents an enrolled member of one party from becoming a candidate in the primary of another party. The plaintiff, however, has urged upon the court that § 9-133 of said chapter 144 provides: "The provisions of any special

act, so far as such act provides for a primary for nomination to municipal office or for election of town committees or delegates to conventions, shall not be affected by this chapter." However, it appears that the provisions of § 23 of Special Act No. 293 of 1953, concerning nominating procedures in the town of Greenwich, quoted in part above, and § 9-133 of chapter 144 of the General Statutes, regulating nominations and political parties, must be considered together by the town clerk. They thus present him with a difficult problem.

The town clerk also notes § 9-361 of chapter 151 of the General Statutes, entitled "Prohibited Acts and Penalties." In said section it is provided: "Primary or enrolment violations. The following persons shall be guilty of primary or enrolment violations: (1) Any person unlawfully voting or participating or attempting to vote or participate in any primary of a political party other than that of the political party with which he has been enrolled . . . ." A penalty of fine or imprisonment is provided for such a violation. To participate in a primary is to have a share therein in common with others, to be a partaker, that is to say, one having a part. The plaintiff, as alleged in his complaint, although not enrolled as a Democratic elector, has entered or attempted to participate in the Democratic primary by personally filing the petition circulated and signed on his behalf and by paying the required fee.

In an action wherein the statutes governing primaries and caucuses were discussed at length, our Supreme Court of Errors has stated: "The statutes set up a carefully prepared plan designed to assure that only persons definitely affiliated with a political party can participate in the primaries and caucuses of that party and to prevent persons who are adherents of other parties from taking part in

or controlling the choice of candidates of a particular party." *Port* v. *Dillane,* 119 Conn. 655, 661.

On the basis of the foregoing, it cannot be held that the defendant's refusal to include the name of the plaintiff in the Democratic primary notice and on the Democratic primary ballot is illegal and arbitrary. "[Mandamus] commands the performance of a duty. It acts upon the request of one who has a complete and immediate legal right; it cannot and does not act upon a doubtful and contested right." *Boyko* v. *Weiss,* 147 Conn. 183, 186.

The court finds that the plaintiff has not established a clear legal right to the relief sought and that the issuance of mandamus in this action would be contrary to public policy established by the legislature and recognized and emphasized by judicial decision.

Judgment may enter for the defendant.