Diogenes J. Ballas *v.* Theodore P. Woodin et al.

King, C. J., Alcorn, House, Cotter and Ryan, Js.

Argued May 9—decided June 26, 1967

*Thomas F. Wall,* with whom, on the brief, was *Thomas F. Wall, Jr.,* for the appellants (defendants).

*Warren D. Kealey,* for the appellee (plaintiff).

COTTER, J. The plaintiff, after obtaining a certificate of registration from the state police as a junk dealer, pursuant to General Statutes § 21-10,[1] orally applied to the named defendant, as first selectman of the town of Kent, for a license to operate a junk-yard business within the town limits. General Statutes § 21-11. When it appeared to the plaintiff that his application would not be favorably acted upon, he initiated the present mandamus action against the three defendants in their capacity as the board of selectmen of Kent. The specific relief sought by the plaintiff was a writ of mandamus ordering the defendants to issue him a junk dealer's license under § 21-11 of the General Statutes. The trial court found the issues for the plaintiff, granted the requested relief, and the defendants have taken an appeal from the judgment rendered by the court.

If a public official or public agency has a duty to perform a particular act and fails in the discharge of that duty, a writ of mandamus is the proper remedy for compelling performance of the act. Where the official or agency is authorized to exercise a discretionary power, mandamus does not lie. *Hannifan* v. *Sachs,* 150 Conn. 162, 167, 187 A.2d 253; see General Statutes § 52-485. Therefore, relief by way of mandamus is only available to one who

---

[1] The pertinent portion of § 21-10 with respect to the powers of the state police department, provides: "Each such junk dealer shall register with the state police department, stating his name, residence and post-office address, and the commissioner of state police shall issue to him a certificate of such registration, which certificate shall be exhibited by such dealer to the selectmen or other authority to whom he makes application in any town for a license to carry on business therein."

has a complete and immediate right that the public act be done. *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 176, 224 A.2d 236; *Boyko* v. *Weiss,* 147 Conn. 183, 186, 158 A.2d 253; 55 C.J.S., Mandamus, § 53; 34 Am. Jur., Mandamus, § 55.

Under the controlling statute in the present case,[2] the board of selectmen, or other agency authorized by the statute, is empowered to issue a junk dealer's license upon a finding that the applicant is a suitable person. Once suitability has been established, the act becomes ministerial and the licensing authority has the duty to issue the license. *Clapp* v. *Ulbrich,* 140 Conn. 637, 641, 642, 103 A.2d 195; cf. General Statutes § 21-10. The prerequisite determination of suitability, however, calls for an exercise of judgment and reasoned discretion on the part of the selectmen or other delegated agent. See *Clapp* v. *Ulbrich,* supra, 641; *State* v. *Vachon,* 140 Conn. 478, 485, 101 A.2d 509; *Hopson's Appeal,* 65 Conn. 140, 143, 31 A. 531.

The record in the present case reveals that the board of selectmen has never considered the question of the plaintiff's suitability and has failed to take action on the plaintiff's application. Since no finding of suitability has been made, it follows that a writ of mandamus ordering the defendants to issue the license does not lie. If, under circumstances such as these, there is a duty enforceable on the board by way of mandamus, it is the duty to act, either affirmatively or negatively, on an application properly presented to it under General Stat-

[2] "Sec. 21-11. LICENSE. RECORD. WEEKLY REPORT. Any person desiring to engage in business as a dealer and trader in . . . junk . . . in any town . . . shall make application to the selectmen of such town . . . for a license to transact such business within the limits of such town . . . and the selectmen . . . shall issue such licenses to such suitable persons as apply therefor . . . ."

utes § 21-11.[3] *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 615, 132 A. 30; cf. *State* v. *Erickson,* 104 Conn. 542, 545, 546, 133 A. 683. As previously stated, the plaintiff does not seek enforcement of the defendants' duty to act on his application, but rather requests, as an exclusive remedy, an order compelling the defendants to issue him a license. There is no duty on the defendants to grant every application presented to them. In this sense, the present case is distinguishable from *Clapp* v. *Ulbrich,* supra, 643, which contains dictum assuming a preliminary determination of the applicant's suitability. Since the fact of suitability was not determined by the board in the present case, the plaintiff may not obtain his license by way of mandamus. See *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12, 37 A.2d 689; *Pluhowsky* v. *New Haven,* 151 Conn. 337, 347, 348, 197 A.2d 645.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.

---

[3] Ordinarily it must be shown that the public official has been requested and has refused to perform the required act in accordance with his duty to do so. *Douglas* v. *Chatham,* 41 Conn. 211, 237; 55 C.J.S., Mandamus, §§ 32, 33; 34 Am. Jur., Mandamus, § 80. However, where the duty sought to be enforced is owing to the public generally, a demand for performance is not a necessary prerequisite to a mandamus proceeding. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 622, 132 A. 30. It is unnecessary to decide in the present case whether the plaintiff has made a proper demand on the defendants.