JOSEPH J. RASLAVSKY ET AL. *v.* CLIFTON A. MOORE
ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued October 9—decision released December 3, 1974

*Peter B. Sullivan,* for the appellants (plaintiffs).
*Leo P. Carroll,* for the appellees (defendants).

MacDonald, J. The plaintiffs have appealed from the judgment rendered by a state referee denying their request for a writ of mandamus to compel the defendants, the mayor and the director of finance of the city of Milford, to furnish the plaintiffs certain financial data which they claimed to be necessary to enable them to discharge their duties as members of the board of finance of the city of Milford.[1]

The finding, which is not subject to correction,[2] relates the following facts: The city of Milford is a specially chartered municipal corporation. The

---

[1] At the inception of this action, the three plaintiffs were members of the board of finance. Joseph Raslavsky was later discharged. See *State ex rel. Raslavsky* v. *Bonvouloir,* 167 Conn. 357, 355 A.2d 275.

[2] The plaintiffs assign error in the referee's finding, as a fact, that the information they seek in this action is not necessary to enable the board of finance to act on business brought before it, contending that this is a conclusion rather than a fact and thus not set forth under the proper heading as required by Practice Book § 619.

charter establishes the board of finance, and requires the board to present the annual budget to the board of aldermen, to recommend to the board of aldermen all transfers of appropriations in budget accounts and all issues of bonds or notes required for the management of the city business, and to recommend the tax rate. The charter also establishes a department of finance whose director is to have direct supervision over the department and the administration of the financial affairs of the city, including responsibility for the form and preparation of accounts of financial transactions for all departments of the city and quarterly and annual financial reports.

In late 1971 and early 1972 the board of finance refused to act on requests of the mayor for appropriation of funds for municipal purposes on the ground that the board needed additional information in order to recommend either affirmatively or negatively to the board of aldermen. Beginning in the fall of 1971 the plaintiffs, as members of the board of finance, began requesting quarterly balance sheets relating to the various city funds and accounts, and cash flow projections. These requests were directed to the director of finance and later to the mayor. Despite these requests, quarterly balance sheets and cash flow estimates were not furnished to the board of finance. "Funds on accounts status reports" were furnished to the board of

"Where the court reaches a decision as to the existence or non-existence of a certain fact directly by weighing the testimony and evidence offered, the fact should, of course, simply be stated among the subordinate facts found." Maltbie, Conn. App. Proc. § 140, p. 173. "Corrections of findings of fact will only be made . . . (c) Upon the finding of a material fact without evidence." Practice Book § 628. The evidence printed in the appendix to the defendant's brief amply supports the referee's finding.

finance, but neither the auditors' reports nor the director's quarterly reports contained cash flow projections.

The mayor recommended that the board of aldermen appropriate the sum of $1800 for the purpose of preparing the requested balance sheets and cash flow projections, but on September 19, 1972, the board of aldermen rejected the mayor's request. Most other towns in Connecticut do not provide the information sought by the board of finance, and the referee specifically found that it was not necessary for the board of finance to have the requested information in order to act upon business before it.

The board of aldermen, not the board of finance, is the ultimate authority under the charter for the regulating of budgetary and fiscal affairs of the city, and the board of finance has no authority under the charter to direct the administration of the department of finance. On April 4, 1972, the board of aldermen commenced a mandamus action against the board of finance seeking an order directing the board of finance to submit the board's recommendations on the requests for the appropriation of funds.

On the basis of the foregoing facts the referee concluded that neither the charter nor the General Statutes require the mayor or the director of finance to furnish the plaintiffs current balance sheets and cash projections, and that the reports prepared by the director of finance comply with the provisions of the charter. The referee further concluded that from the reports made available to them the plaintiffs have sufficient information to determine whether to vote affirmatively or negatively on a request presented to the board of finance. The referee overruled the plaintiffs' claims of law that a

reasonable construction of the charter of the city of Milford, the General Statutes and principles of sound municipal accounting practice, considered individually or collectively, require that the city provide interim quarterly balance sheets and cash flow projections to its board of finance.

"If a public official or public agency has a duty to perform a particular act and fails in the discharge of that duty, a writ of mandamus is the proper remedy for compelling performance of the act. Where the official or agency is authorized to exercise a discretionary power, mandamus does not lie. *Hannifan* v. *Sachs,* 150 Conn. 162, 167, 187 A.2d 253; see General Statutes § 52-485. Therefore, relief by way of mandamus is only available to one who has a complete and immediate right that the public act be done. *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 176, 224 A.2d 236; *Boyko* v. *Weiss,* 147 Conn. 183, 186, 158 A.2d 253; 55 C.J.S. Mandamus, § 53, 34 Am. Jur., Mandamus, § 55." *Ballas* v. *Woodin,* 155 Conn. 283, 284-85, 231 A.2d 273. "The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." *Lahiff* v. *St. Joseph's Total Abstinence Soc.,* 76 Conn. 648, 651, 57 A. 692; *Chatfield Co.* v. *Reeves,* 87 Conn. 63, 64, 86 A. 750. The issuance of the writ rests in the sound discretion of the court, and that discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. *State ex rel. Donahue* v. *Holbrook,* 136 Conn. 691, 693, 73 A.2d 924.

The plaintiffs have failed to present any authority for their claim that the referee erred in his denial of the writ. The city charter does not establish, for

the plaintiffs, a complete and immediate right to the material they seek and such a right cannot, as the plaintiffs suggest, arise by implication. The record is devoid of any facts that would support a claim that the referee abused his discretion in denying the writ.

There is no error.

In this opinion the other judges concurred.