JAMES MCALLISTER *v.* EMMET P. NICHOLS ET AL.
(12010)

PETERS, HEALEY, PARSKEY, SHEA and COVELLO, Js.

Argued March 6—decision released May 15, 1984

*Penn Rhodeen,* for the appellant (plaintiff).

*Antony A. Casagrande,* assistant corporation counsel, with whom, on the brief, were *Carl R. Cicchetti,* corporation counsel, and *Thomas G. Parisot* and *Noel A. Ruggiero,* assistant corporation counsel, for the appellees (defendants).

PETERS, J. The question presented by this appeal is whether mandamus will lie to compel the reinstatement of the personnel director of the city of Waterbury, who was discharged by the mayor for failure to comply with the city's residency requirement. The plaintiff, James McAllister, the former personnel director of the city of Waterbury, brought this action in mandamus to compel the defendants, the members of the Waterbury civil service commission (commission), to reinstate him to his position as personnel director. The trial court denied the plaintiff's petition, whereupon the plaintiff appealed to this court.

The trial court's memorandum of decision and the record on appeal disclose the following. The plaintiff held the position of personnel director of the city of Waterbury from August 20, 1979 to July 20, 1981. On July 20, 1981, the mayor terminated the plaintiff's employment because the mayor had determined that the plaintiff was not in compliance with the city's

residency requirement.[1] The plaintiff, contending that the mayor had no authority to fire him, requested a hearing before the civil service commission, pursuant to § 203 of the Waterbury City Charter,[2] which he claimed provided the only proper procedure for the removal of a personnel director from office. The commission treated the hearing as an appeal from the mayor's decision and, after hearing conflicting testimony on the issue of the plaintiff's residency, denied

---

[1] Section 153 of the Waterbury City Charter provides as follows:

"Any person hired subsequent to January 1, 1977, by the City of Waterbury to a position of city employment, whether classified or unclassified,

(a) Shall be a bona fide resident of the City of Waterbury; or

(b) Shall become a bona fide resident of the City of Waterbury within six (6) months of the date when he or she becomes a permanent employee of the City of Waterbury;

and shall remain a bona fide resident during the entire duration of his or her employment. For purposes of this section, the term 'City of Waterbury,' when such term is used to mean the city as employer, shall also include any city departments, including the department of education, office, board, or agency hiring employees. A bona fide resident, for purposes of this section, is a person having permanent domicile within the city, which domicile has not been adopted with the intention of thereafter, in fact, taking up or claiming a residence outside of the city limits. It shall be the duty of the mayor to make certain that all employees comply with this section. The hiring of any employee who fails to comply with the provisions of this section shall be void and said employee shall be dismissed."

[2] Section 203 of the Waterbury City Charter provides as follows:

"The civil service commission shall be administered by a properly qualified person appointed under the rule of three and referred to as director of personnel. Said director of personnel shall become a member of the classified service except for the removal provisions specified herein. The salary of the director of personnel shall be fixed by the civil service commission, subject to the approval of the board of finance. The director of personnel may be removed only for misfeasance, nonfeasance, or partisan activity upon notice in writing of the reason for such removal and an opportunity to be heard in his own defense before the civil service commission and upon a majority vote of the full commission. A director of personnel so removed may appeal the decision of the civil service commission to the board of aldermen. The board of aldermen may reverse such decision of the civil service commission provided at least ten aldermen vote in favor of said reversal. The director of personnel shall direct and supervise the administrative work of the commission, and shall perform such other functions as may be required of him by the commission."

the plaintiff's request for relief. The commission concluded "that based on the [evidence] presented there was [an] insufficient finding that residency was established . . . ."

The plaintiff then filed a petition for a writ of mandamus, claiming a right to reinstatement on the grounds that the mayor had no authority to remove him from office and that the post-termination hearing before the commission did not satisfy the requirements of § 203. The trial court rejected the plaintiff's claim and ruled that (1) the plaintiff could not challenge the propriety of his discharge by the mayor in this action against the civil service commission; (2) the plaintiff did not have a clear legal right to reinstatement because he had not proven that he was a Waterbury resident; and (3) the plaintiff was not in fact a Waterbury resident and therefore was guilty of unclean hands and not entitled to invoke the remedial jurisdiction of the court.

On appeal, the plaintiff claims that the trial court erred (1) in concluding that he did not have a clear legal right to reinstatement; and (2) in considering evidence on the issue of the plaintiff's residence. We find no error.

As we have recently reaffirmed, " '[m]andamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance.' *West Hartford Taxpayers Assn.* v. *Streeter,* 190 Conn. 736, 740, 462 A.2d 379 (1983). See *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 481, 447 A.2d 1 (1982); *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 518, 356 A.2d 109 (1975)." *Cheshire Taxpayers' Action Committee, Inc.* v. *Guilford,* 193 Conn. 1, 5, 474 A.2d 97 (1984). "Since

mandamus neither gives nor defines rights which one does not already have, it cannot, and does not, act upon a doubtful and contested right. *Boyko* v. *Weiss,* 147 Conn. 183, 186, 158 A.2d 253 [1960]." *Gerrity* v. *Bisciglia,* 178 Conn. 235, 238–39, 423 A.2d 871 (1979).

In this case, the plaintiff claims that § 203[3] of the Waterbury City Charter, which provides in part that "[t]he director of personnel may be removed *only* for misfeasance, nonfeasance, or partisan activity upon notice in writing of the reason for such removal and an opportunity to be heard in his own defense before the civil service commission" (emphasis added), sets forth the exclusive procedure for discharging the city's personnel director. The plaintiff argues, therefore, that he had a clear legal right to retain his position unless and until he was properly discharged in accordance with the procedure set forth in § 203. The plaintiff argues further that the post-termination hearing did not satisfy the requirements of § 203 because the defendants placed the burden of proof on him to prove residency, rather than requiring the city, as the moving party, to prove his nonresidency. Finally, the plaintiff argues that because the essence of his claim is procedural, the substantive question of whether he was a bona fide resident of the city of Waterbury was not properly before the trial court.

The defendants dispute the plaintiff's interpretation of the city charter. They claim that § 203 pertains only to removals for misfeasance, nonfeasance and partisan activity, and not to removals for noncompliance with the city's residency requirement. They claim further that § 153[4] of the charter, which provides in part that "[i]t shall be the duty of the mayor to make cer-

---

[3] The full text of § 203 of the Waterbury City Charter is set forth at footnote 2, supra.

[4] The full text of § 153 of the Waterbury City Charter is set forth at footnote 1, supra.

tain that all employees comply with [the residency requirement]'' vests the mayor with authority to discharge the personnel director on that ground. Further, the defendants maintain that the plaintiff did receive a hearing before the civil service commission, as required by § 203, and that the plaintiff was twice proven not to be a Waterbury resident—once before the civil service commission and again before the trial court.

Under these circumstances, the plaintiff's right to reinstatement is far from clear. While there is a serious question concerning the mayor's power to terminate the plaintiff's employment, the plaintiff has not proven his claim that the defendants were under a plain positive duty to disregard the mayor's action. Had the plaintiff wished to contest his discharge by the mayor, he could have sought a declaratory judgment and injunctive relief to prevent the mayor from acting under the purported authority of § 153. This the plaintiff did not do.

Moreover, the plaintiff's right to reinstatement is clouded by the conflicting evidence as to his residency. We disagree with the plaintiff that in considering his petition for an extraordinary writ of mandamus compelling his reinstatement to a position that plainly requires residency within the city of Waterbury, the trial court was required to ignore the substantial factual dispute concerning the plaintiff's residency. Because the plaintiff did not prove his clear legal right to reinstatement, the trial court did not err in denying the writ of mandamus.

There is no error.

In this opinion the other judges concurred.