[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs real estate developers have instituted a mandamus action against the Trumbull Planning and Zoning Commission (PZC) requesting an order that the plaintiffs' application for a special permit filed September 1, 1988 was approved effective September 19, 1990 and that the PZC issue a certification of that application and a judgment that the application is approved effective September 19, 1990. The second count also claiming an order of mandamus is based on the failure of the PZC to comply with the provisions of 8-26d(a), and 8-26d(b) C.G.S. in that no hearing was held or decision rendered within the sixty-five days provided by the statutes.
The complaint alleges that the plaintiffs owned fifteen acres of land in Trumbull and on September 1, 1988 they filed an; application for a special permit to construct a "Restricted Residential Area-Elderly" for which the premises was zoned, and permitted under Section XIII of the Trumbull Zoning Regulations. After a public hearing the application was denied and the plaintiffs appealed to the Superior Court where their appeal was sustained and the court remanded the matter to the defendant Commission "for further consideration." Section 8-7d C.G.S. requires that the Commission commence a hearing on an application not later than ". . . sixty-five days after receipt of CT Page 8548 such petition, application, request or appeal. . . ." The plaintiffs claim that by virtue of the common law the date of the filing of the decision in the Superior Court on the defendant's motion to reopen, vacate and modify (denied) was the date on which the sixty-five days began to run. They further allege that the Commission held no hearing on the application within sixty-five days and that their application was approved by operation of law sixty-five days after July 26, 1990 the last day on which the Superior Court acted on the appeal. In a second count the plaintiffs allege the same facts contained in count one and go on to state that under 8-26d (a) the Commission was required to hold a hearing sixty-five days after the last action of the Superior Court and that under 8-26d (b) where no hearing was held, a decision must be rendered within sixty-five days of receipt of the application. The plaintiffs allege that no hearing was held after the Superior Court's last decision July 26, 1990, or a decision rendered within sixty-five days and therefore their application was approved by law effective sixty-five days after July 26, 1990, on September 19, 1990. The plaintiffs seek the same relief in the second count as they do in the first count. Subsequently at a hearing of this court (Licari, J.) plaintiffs' counsel stated that their claim for relief was limited to mandamus. The defendant's answer consists in the main of a denial of the allegations of the complaint although there is some admission of portions thereof. By way of special defense the defendants allege 1) they were acting in its legislative capacity and therefore time requirements are directory not mandatory: 2) the commission held the required hearing within sixty-five days; 3) the public hearing date was waived by the plaintiffs; 4) the plaintiffs have another specific remedy, a zoning appeal; and 5) the commission had no authority to grant the plaintiffs' application since the plaintiffs included a town roadway within their boundaries thereby shutting off access of other landowners.
The plaintiffs had applied for a special permit on September 1, 1988 to construct "Restricted Residential Area-Elderly, Single Family Dwelling for Elderly Persons", a permitted use under Article XIII of the zoning regulations on their property located in a zone designated "RRA-E". After a public hearing the application was denied and the plaintiffs appealed to the Superior Court which sustained the appeal and remanded the case to the Commission "for further consideration" as hereinbefore stated. Thereafter the attorneys for the plaintiffs and the PZC discussed whether a new application was required to be filed. While counsel discussed that issue more than sixty-five days expired from the date of the Superior Court's last action on the appeal and the plaintiffs now claim that they are entitled to a certification of the plaintiffs' application for a special permit dated September 1, 1988, by CT Page 8549 operation of law. Subsequently on October 24, 1988 the PZC repealed Article XIII in its entirety which authorized the type of construction for which the plaintiffs sought a permit. This action was taken after three public hearings and became effective November 7, 1988. The instant action was instituted by service of process on October 31, 1990 returnable to court on November 20, 1990, more than two years after Article XIII of the zoning regulations was repealed.
A writ of mandamus may issue where (1) the law imposes a duty, the performance of which is mandatory and not discretionary on the party against whom the writ is sought; (2) the party applying for the writ has a clear legal right to have the duty performed and (3) there is no other adequate remedy. Chamber of Commerce of Greater Waterbury v. Murphy, 179 Conn. 712,717.
 A `writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits.' Raslavsky v. Moore, 167 Conn. 363, 367, 355 A.2d 272, . . . "The writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy.' Milford Education Assn. v. Board of Education, supra 518,. . . . Consequently, a writ of mandamus will not lie to direct performance of an act requiring the exercise of a public officer's judgment or discretion. Waterbury Teachers Assn. v. Furlong, 162 Conn. 390, 414, 294 A.2d 546;. . . . nor will it lie to review a discretionary action of a public officer or board and compel a different course of action. Simmons v. Budds, 165 Conn. 507, 516, 338 A.2d 479; . . . Thus use of mandamus' is justified only when necessary to supplement the deficiencies of ordinary legal processes' and when `the aggrieved party has no adequate remedy either at law or in equity.' Milford Education Assn. v. Board of Education, supra, 519. . . .
Light v. Board of Education, 170 Conn. 35, 38. "In an action for mandamus the aggrieved party has the burden of proving deprivation of a clear legal right." Light v. Board of Education, supra 37. See Cheshire Taxpayers Action Committee v. Guilford, 193 Conn. 1, 5. Determinative of the issues in this case is the factual status of the case on the date of CT Page 8550 commencement of the action October 31, 1990 and on the date of trial August 7, 1991. Article XIII had been repealed in its entirety and there was in effect no type of zone which would permit a "Restricted Residential Area-Elderly" construction.
 Mandamus is an ancient common law writ, but the issuance is governed largely by equitable considerations, and it has been generally held that it will be denied where, by reason of events occurring subsequent to the commencement of the proceedings or because of the lapse of time, the relief sought would be nugatory or unavailing.
Gormley v. Panuzio, 166 Conn. 1, 2.; Shelton v. Edwards,109 Conn. 249, 254. "In mandamus, the factual Situation existing at the time the writ is to issue governs." Gormley v. Panuzio, supra 2; State ex rel. Board of Education v. D'Aulisa, 133 Conn. 414,424; State ex rel. Bulkeley v. Williams, 68 Conn. 131, 155. "In mandamus proceedings matters occurring after the suit is brought can be properly considered in determining whether the writ shall be made peremptory." State ex rel. Bulkeley v. Williams, supra 155. ". . . it has been generally held that it will be denied where by reason of events occurring subsequent to the commencement of proceedings or the lapse of time the relief sought would be nugatory or unavailing." Pape v. McKinney,170 Conn. 588, 596. The plaintiffs can derive no benefit from an order of this court and the issuance of a writ of mandamus would be based on a factual predicate that no longer exists. Kokoff Egg Farms, Ltd. v. Johnson, 188 Conn. 141, 144. It follows that the plaintiffs have no clear legal right to mandamus since there is presently in effect no zone in which the type of housing applied for can be constructed. The plaintiffs claim that the repeal of Article XIII does not affect them since their application predated the repeal of that article, as it does, and that the repeal cannot operate retrospectively but only prospectively. This argument ignores the law that the court must consider i.e. the status and circumstances of this action as it exists at the time of trial.
Judgment may enter for the defendants on both counts together with costs of the action.
LEVINE, STATE TRIAL REFEREE