[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, who was formerly employed by the Town of Wallingford Police Department, brings this action seeking a writ of mandamus against the Town of Wallingford to compel the Town's Personnel and Pension Board of Appeals (a) to hear his request for reinstatement to his former position and (b) to issue rules and regulations which address the status of an individual disabled under Conn. Gen. Stat. 7-433c who later recovers from his or her disability. The plaintiff further seeks an award of attorneys' fees and costs for prosecuting this action.
As of November 1, 1981, the plaintiff was employed as a CT Page 5170 lieutenant in the Wallingford Police Department. He was forty-seven years old and had been a police officer in Wallingford since 1959. On November 6, 1981, the plaintiff was admitted to the hospital complaining of chest pain. The plaintiff's treating physician and two independent physicians chosen by the defendants all later agreed that the plaintiff suffered from coronary artery disease and was totally and permanently disabled from police work. On May 12, 1982 the plaintiff applied or disability retirement to become effective on August 18, 1982. His application was granted and he separated from employment by the Town of Wallingford on August 18, 1982. Under the so-called Heart and Hypertension Act, Conn. Gen. Stat.7-433c, the plaintiff received Workmen's Compensation and retirement benefits as if he had suffered personal injury during the course of his employment.
While retired on disability, the plaintiff continued medical treatment. In 1986, he underwent coronary bypass surgery. Beginning in the spring of 1990, his physician wrote several medical reports noting the plaintiff's improved health. In October 1990, the plaintiff's treating physician advised that the plaintiff could "work in a semi-sedentary position" with certain limitations on his activities. In November 1990, the physician reviewed the job description of a police lieutenant in Wallingford and gave his opinion that the plaintiff could perform those duties.
Based on the physician's reports, counsel for the plaintiff wrote to the Wallingford Director of Personnel asking that the plaintiff be rehired in his former position as a police lieutenant. The attorney asked for a hearing "so that we can discuss the issues." Plaintiff's attorney wrote a second letter to the Director of Personnel about one month later stating that the plaintiff's disability payments would end because his disability had ended. His attorney further argued that "the union contract and pension plan would seem to implicitly require the Town to rehire Mr. Dsupin to a position as police lieutenant." Corporation Counsel for Wallingford responded to plaintiff's attorney's letters, explaining that neither the rules of classified service nor the Town Charter, the Bargaining Agreement, or the Pension Agreement required the Town to rehire the plaintiff.
The plaintiff's attorney then asked the chairman of the Town's Personnel and Pension Appeals Board (the "Board") to give CT Page 5171 the plaintiff a hearing on what the attorney characterized as an appeal from the Corporation Counsel's conclusion that the Town was not obligated to re-hire the plaintiff. The attorney conceded the lack of support for his claim, "there must be a mechanism to restore a person who has recovered from a disability to his or her previous employment. While the Town of Wallingford does not specifically address this issue in its personnel rules and regulations, my client should not be penalized as a result of this failure." The chairman denied the request for a hearing, stating that he could not find any basis for the appeal under the provisions of the Town Charter which outlines the duties of the Board.
This suit was brought after the chairman's refusal to schedule a hearing in response to the plaintiff's attorney's requests. After the filing of this action, the plaintiff was hospitalized once again with additional manifestations of his coronary artery disease. The parties stipulated at trial that the plaintiff is now, once again, totally disabled from work.
In Light v. Board of Education, 170 Conn. 35, 37 (1975), the Supreme Court summarized the nature of a writ of mandamus:
 A "writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." Raslavsky v. Moore, 167 Conn. 363, 367, 355 A.2d 272, citing Lahiff v. St. Joseph's Total Abstinence Society, 76 Conn. 648, 651, 57 A. 692, and Chatfield Co. v. Reeves, 87 Conn. 63, 64, 86 A. 750; Milford Education Assn. v. Board of Education, 167 Conn. 513, 518, 356 A.2d 109. See Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60. "The writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy." Milford Education Assn. v. Board of Education, supra, 518, citing State v. New Haven Northampton Co., 45 Conn. 331, 343.
A writ of mandamus is properly issued only if three conditions are met. First, the law must impose on the defendant a duty which is mandatory, not discretionary. Second, the party seeking the writ must have a clear legal right to have the duty CT Page 5172 performed. Third, it must be shown that the plaintiff has no other adequate remedy. Golab v. New Britain, 205 Conn. 17, 20
(1987).
The principal issue in this case is whether the defendant Board had a mandatory duty to hold a hearing on the plaintiff's request to be rehired to his former position as a police lieutenant after approximately eight years of disability retirement. The plaintiff relies in part on Chapter XIII, Section 2 of the Wallingford Town Charter which provides:
 It shall be the duty of the board to hear appeals from any action pertaining to the classification, reclassification, and allocation of positions, and from any disciplinary action in the classified service. . .It shall be the duty of the board to hear appeals from any action pertaining to the administration of the pension system. . .
The plaintiff contends that by seeking to be rehired, he was attempting a "reclassification" and therefore the Board was obligated to hear him. This contention is without merit, however, for two reasons. First, the Board is an appeals board with the duty to hear "appeals" from decisions or actions of others. There is no decision or action of another at issue here and therefore nothing to "appeal" to the Board. Secondly, the Charter requires the Board to hear appeals relative to "classification, reclassification, and allocation of positions. . ." (Emphasis added.) There was no classification or reclassification of a "position" at issue with respect to plaintiff's claim. He sought a change in his own employment status, which is a change in personnel or personnel status, but not a reclassification of position which is subject to an appeal to the Board.
The plaintiff next argues that the provisions of the Pension Agreement between the Town and Wallingford Police Union Local #1570 require the Board to hear the plaintiff. Although Chapter XIII, Section 2 of the Town Charter requires the Board to hear appeals from the administration of the pension system, there is once again no decision from which to take an appeal. Moreover, the plaintiff's request to be rehired is an employment request, not a pension dispute. There is nothing in the plaintiff's attorney's letter requesting a hearing which identifies any pension dispute. Plaintiff's claim that there is CT Page 5173 a pension dispute at issue under Section 11.1 of the Pension Agreement cannot be sustained.
The plaintiff's next claim is based on the Heart and Hypertension Act, Conn. Gen. Stat 7-433c, a related statute, which is Conn. Gen. Stat. 7-432, and an Appellate Court decision, Downey v. Retirement Board of the City of Waterbury,22 Conn. App. 172 (1990). The plaintiff in Downey was a City of Waterbury firefighter who retired on disability under the Heart and Hypertension Act because of heart disease. Approximately five years after his retirement, he was found capable of returning to work as a firefighter. The Waterbury City Charter provided that in such circumstances, the retirement board should order a discontinuance of the disability pension, "but not until such employee has been offered a reinstatement in the same or comparable employment." The principal dispute in the Downey case was whether this Charter provision had been repealed by a later Charter amendment. The Appellate Court affirmed the trial court decision that this section had not been repealed.
Downey is readily distinguishable from the current facts because there is no provision in the Wallingford Charter or in any other applicable legal contract or document which requires the Town to rehire the plaintiff after he is no longer disabled. Conn. Gen. Stat. 7-432 does provide that the disability retirement allowance will continue only during the period of disability. However, there is no provision in the statute requiring the Town to rehire a former employee who is no longer disabled. The plaintiff reiterates his claims that the Town Charter provides a basis for rehiring the plaintiff, but this is the same argument already rejected by the court. The plaintiff also makes a new claim, that Article 13 of the Bargaining Agreement between the Town and Wallingford Police Union Local #1570, dated July 1, 1987, provides the plaintiff with the right to his position back. Article 13 is entitled "Injury Leave" and sets forth provisions for injury leave for "employees." The plaintiff, however, was not an employee of the Town when this agreement was made, nor at any subsequent time, and he cannot claim the benefit of these provisions.
The plaintiff has not established that the Board had a mandatory duty to hold a hearing on the plaintiff's request to be rehired as a police lieutenant. Nor has he shown that he has "a clear legal right" to such a hearing or to such re-employment. As a result, the court cannot order the issuance of a writ of CT Page 5174 mandamus.
The plaintiff complains at length in his brief about the fact that it was the chairman of the Board who refused to schedule a hearing, without consulting the full Board. Even if there were merit to the claim that the chairman should not have acted alone, the plaintiff's request for relief by mandamus cannot be granted because of plaintiff's failure to make the necessary showing for mandamus relief. It has not been shown that the Board has a mandatory duty to hold a hearing on plaintiff's request to be rehired nor that the plaintiff has a clear legal right to the hearing or the re-employment. Moreover, mandamus cannot issue because the plaintiff has an adequate remedy at law. The plaintiff has already brought a separate action against the Town, the Board, and others, seeking reinstatement to his previous position as police lieutenant and money damages.
In his complaint, the plaintiff also sought a writ of mandamus to compel the Town to establish personnel rules and regulations addressing the status of someone such as plaintiff who retires on disability but later is found to have recovered from his disability. This claim was not briefed by plaintiff's counsel and perhaps should be considered abandoned. To the extent it remains viable, the court finds that there has not been established any mandatory duty on the part of the Town to enact such regulations nor any clear legal right by the plaintiff to have such regulations.
The plaintiff's final claim is for an award of attorneys' fees in the event that the plaintiff prevailed in this action. The plaintiff has not prevailed and attorneys' fees are not awarded. Judgment is entered for the defendants.
Christine S. Vertefeuille, Judge