[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this matter the plaintiffs seek to compel the Commissioner of Health Services to issue a birth certificate correcting one which was completed by the appropriate authority upon the occasion of the plaintiff Tomah Smith's birth. It appears according to the plaintiff mother that for reasons not necessary to relate, incorrect information as to her daughter Tomah's name was given intentionally at the time of the child's birth. Now the misinformation is causing various problems so that the plaintiff and her mother seek to compel the defendant to issue a new certificate accurately reflecting the true name of the plaintiff by issuing a writ of mandamus, a permanent injunction, a declaratory judgment or any one of these remedies.
As to the claims for relief for a writ of mandamus, a permanent injunction and a declaratory judgment the first two are extraordinary remedies; mandamus to enforce a plain positive duty about which there is no dispute and the party seeking the remedy has a clear legal right to the performance. McAllister v. Nichols,193 Conn. 168, 171; a permanent injunction when there is no remedy available at law; and lastly a declaratory judgment when the petitioner by his allegations meets the requirements of Section 380 CT Page 8631 et seq. Conn. Practice Book.
It does not appear from the complaint that it falls within the ambit of McAllister and secondly, it does appear that the petitioner has a remedy available at law by way of a petition in the Superior Court pursuant to Sec. 52-29 C.G.S. Assuming that relief may be granted as requested by the petitioner the birth certificate may then be amended in accordance with the provisions of Sec. 19a-42 (d).
Accordingly, the motion to strike is granted as to all three causes of action on the grounds that the claims are legally insufficient to state a claim upon which relief can be granted.
George W. Ripley, Judge