[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff Elm Street Builders, Inc., brings this action against the defendant William Austin, Chairman of the Planning and Zoning Commission of the Town of Wallingford. The plaintiff asks for a writ of mandamus compelling the defendant to refund a $1000 bond required by the Town under Wallingford Zoning Regulations as a condition of issuing a building permit.
Sec. 8.4 of the Zoning Regulations of the Town of Wallingford provides:
 No building permit shall be issued by the Building Inspector for any building, building addition, structure, structural alteration, use or CT Page 9316 change in use unless and until the Commission, or its appointed agent, certifies, in writing, that such building, structure or use is in compliance . . . with these regulations. A bond for sedimentation and erosion control and covering improvements in the public right-of-way, way, including but not limited to driveway aprons, curb cuts, and sidewalks, may be required prior to the issuance of a Building Permit.
For work being performed at Lot 2A Weatfield [sic] and at Lot 2B #360 Three Meadows Farm, the plaintiff has posted two bonds of $1000 each.[1]
The terms of each bond are as follows:
Elm St. Builders, Inc. hereby gives to the Town of Wallingford Planning and Zoning Commission [this bond] to serve as a performance bond to guarantee for:
(1) Sedimentation and erosion control
(2) paved driveway apron
(3) Repair of Town curb and/or sidewalk
(4) Long driveway treatments for driveways of over 200 feet
(5) House number on property visible from the street. . .
A. This check may be drawn against by the Town of Wallingford, acting by its Town Planner, if the Wallingford Planning and Zoning Commission determines that
1. Sedimentation and erosion controls per Guidelines for Soil Erosion and Sediment Control are not being used at any point in time during the construction process, or that
2. The required improvements as set forth above have not been completed within two years from the date bond is posted, or such later date as may be subsequently approved by the Wallingford Planning and Zoning Commission. In such even., the Town of Wallingford may utilize the monies so drawn to complete the above required improvement and/or to correct or repair such of said work and installations that fail to meet the standards and specifications of the Town of Wallingford.
B. The Town of Wallingford agrees to notify the check signer, in writing, prior to drawing on these funds, that required sedimentation and erosion controls are not in place or that the required improvements fail to meet CT Page 9317 the standards and specifications of the town.
The plaintiff claims that he is entitled to an immediate release of these bonds for several reasons. The plaintiff claims that, as a matter of law, a Connecticut municipality is not authorized by state statute to exact performance bonds, except in relation to subdivision applications, pursuant to Conn. Gen. Stat. Sec. 8-25. All other functions of municipal government are subject to enabling legislation, and without a specific grant of the power to do so, a municipality may not elect to exact a performance bond for construction work within its borders.
As support for this proposition, the plaintiff cites, surprisingly, Arnold Bernhard Co., Inc. v. Planning and ZoningCommission, 194 Conn. 152 (1984). In that case, the Supreme Court approved a zoning regulation of Westport creating a temporary moratorium any new construction in a certain zone of the town. The principle, articulated in Baker v. Norwalk, 152 Conn. 312
(1965), that towns and their municipal agencies may exercise only such powers as are expressly granted to the town by statute was deemed to include then in the grant of "additional powers as are necessary to carry out its objects and purposes." Id., 314. The lack of specific reference in Conn. Gen. Stat. Sec. 8-2 to a moratorium on development did not present "an obstacle to the General Assembly's broad delegation of legislative power to local zoning boards under the terms of Sec. 8-2." Arnold Bernhard Company v. Planning and Zoning Commission, supra, at 164-65.
Here, the town is using, among other devices, a modest performance bond to insure that private builders do not create problems which the town must later correct. Nothing in the case law or the statutes of Connecticut prohibit the imposition of a performance bond designed to achieve that end.
The plaintiff's claim that the regulation is unconstitutional cites no legal authority and contains no legal analysis. The court is therefore unpersuaded as to that claim.
The plaintiff's remaining claim, that Woodhouse Avenue is a state highway, and thus sidewalks and curb cuts are subject to state, not town regulation, fails to persuade as well. First, the record is devoid of any proof that Woodhouse Avenue is a state highway. Second, even if it is a state highway, the plaintiff has cited no authority for the proposition that the town is thus unable to enforce zoning or building regulations on property CT Page 9318 adjacent to such a road that runs within its borders.
CONCLUSION
The plaintiff has utterly failed to show that he has any right to a release of his bonds until the town is satisfied that it need not draw on the bonds. Because a writ of mandamus can issue only against one who has a clear legal obligation to perform the requested act, see Mcallister v. Nichols,193 Conn. 168 (1984). the plaintiff is not entitled to the relief sought.
The court finds for the defendant.
Patty Jenkins Pittman Judge of the Superior Court