[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both sides in this matter have moved for summary judgment; both have submitted documentary evidence and both agree that there is no genuine issue of fact which is material to the disposition of the case. In this posture, summary judgment will be granted.
The plaintiff Aldo DiBacco and the Wallingford Board of Education were parties to an arbitration proceeding more than ten years ago. The materials suggest that the defendant had phased out the plaintiff's prior position and when the new position of working crew foreman was created, the plaintiff ranked second in the testing for the position after having filled the position on an acting basis. After the someone else was hired to fill the position, the plaintiff grieved. On November 17, 1987, an arbitration panel upheld the grievance, and concluded that: CT Page 10946
 Mr. DiBacco is to be appointed to the position of Working Crew Foreman not later than December 1, 1987 and to receive the difference in pay which he would have received had he remained in the position after March 3, 1986.
The defendant filed in the Superior Court an application to vacate and/or correct the award and the plaintiff filed a cross application to confirm the award. After a hearing, the court, Mulvey, J., confirmed the award, but with an added feature:
 The Court finds that the Board of Education be required to pay the difference in pay from March 3, 1986 through and including August 3, 1987. The Court finds that Mr. DiBacco terminated his employment on August 3, 1987.
The materials suggest that Mr. DiBacco received a check for the difference in pay at that point, but did not return to work for the Board of Education.
By complaint dated July 26, 1989, the plaintiff filed a wrongful termination action against the Town of Wallingford and two former superiors. The complaint initially contained three counts, including wrongful discharge, violation of the "whistle blower" statute, and negligent infliction of emotional distress. On February 9, 1994, the court (Hodgson, J.) directed a verdict in favor of the defendants, and denied a motion to set aside the verdict on March 7, 1994.
The instant action is a writ of mandamus, filed on June 23, 1997. The complaint alleges essentially that the arbitration award of 1987 ordered that the plaintiff be appointed to the position of working crew foreman and that the difference in pay be awarded, that the award was confirmed by the court in 1988, that the Board has not so appointed the plaintiff, and that the plaintiff has a clear legal right to the performance of the duties set forth in the arbitration award.
The writ of mandamus is an extraordinary remedy and will issue only if the plaintiff has a clear legal right to performance of a duty by the defendant, that the defendant has no discretion, and that the plaintiff has no adequate remedy at law.Town of Sratford v. State Board of Mediation and Arbitration, CT Page 10947239 Conn. 32, 44 (1996); McAllister v. Nichols, 193 Conn. 168
(1984). It may be true that had the original arbitration been confirmed by the court without any qualification, and had there been no intervening complications, the right perhaps would have been clear. The issue presented is whether the complicating factors of Judge Mulvey's qualification in 1988, the intervening action in 1989 and the passage of time either defeat the claim of reinstatement on the merits or so cloud the issues that the right is not "clear".
Although it may be that the effect of Judge Mulvey's order[1] and the passage of time[2] would in themselves be sufficient to fatally cloud the claimed right of the plaintiff; see McAllister, supra, I find well that the instant action of mandamus is almost certainly barred by the res judicata effect of the intervening action in which a verdict was directed by Judge Hodgson. Where a final judgment has entered, the principle of res judicata prevents the trying of issues that could have been raised in the prior action. There is no reason why the cause of action advanced in this file could not have been raised in 1989, and at oral argument the attorney for the plaintiff could not suggest a reason. The previous action was appealable. In the context of this case, the principle of res judicata serves to avoid relitigation and establishes a finality to the relationship between the parties. DeMilo and Co., Inc. v. Commissioner ofMotor Vehicles, 233 Conn. 281, 291-93 (1995); see alsoConnecticut Water Co. v. Beausoleil, 204 Conn. 38, 43 (1987). In light of the likely preclusive effect of the prior judgment[3], the right asserted in this action surely is not "clear".
Judgment may enter in favor of the defendant.
Beach, J.