[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff in this action was granted partial summary judgment as to the first count of its writ of replevin and complaint which sought to replevy certain equipment leased to the defendant. The property sought to be replevied, however, is located outside of the state of Connecticut.
The plaintiff now moves for mandamus in aid of pending action pursuant to Practice Book § 23-47.[1] In its motion, the plaintiff requests that the court order the defendant to return the plaintiffs equipment, cooperate and facilitate the return of the equipment, cease interfering with plaintiffs repossession efforts, notify the sublessees that they are obligated to return the plaintiffs equipment and provide plaintiff with a list denoting the location of the equipment. The plaintiff further requests that the court order any other relief it deems appropriate.
The court notes that "[m]andamus is an extraordinary remedy. It is CT Page 9855 designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance." (Internal quotation marks omitted.)Gelinas v. West Hartford, 225 Conn. 575, 586, 626 A.2d 259 (1993), quoting McAllister v. Nichols, 193 Conn. 168, 171, 474 A.2d 792 (1984). "Mandamus neither gives nor defines rights which one does not already have. . . . It acts upon the request of one who has a complete and immediate legal right; it cannot and does not act upon a doubtful and contested right." Sterner v. Saugatuck Harbor Yacht Club, Inc.,188 Conn. 531, 533-34, 450 A.2d 369 (1982). The plaintiff in an action for a writ of mandamus bears the burden of proving the "deprivation of a `clear legal right'" that warrants the imposition of such an extraordinary remedy. Honan v. Greene, 37 Conn. App. 137, 143, 655 A.2d 274
(1995).
By granting partial summary judgment, the court has already determined that the plaintiff has a right to its equipment, however, this court does not have the jurisdiction with which to replevy equipment not located in the state of Connecticut. Accordingly, the motion for mandamus in aid of pending action is denied.
So Ordered.
D'ANDREA, J.T.R.